## JOSEPH W. PENDER, Survivor, &c. *v.* PIERCE DICKEN.

Where D. agreed and bound himself in writing to P. and wife, for the rent of a house and lot, which was the separate property of the wife, upon which D. agreed to make certain repairs, and in the mean time the wife died, and P. brought suit in his own name, as survivor of his deceased wife, for a breach of the contract:— *Held,* that if the right of action arising from D.'s non-performance of his contract was complete during the lifetime of the wife, it survived to the husband upon her death.

It is a rule in pleading, that when an expression is capable of different meanings, that one will be adopted which will support the pleading, and not one which will defeat it.

Where a declaration is sufficient on its face, and the defendant seeks to avail himself of the existence of facts destroying the *primâ facie* right of action set forth in it, he should do so by plea.

IN error from the circuit court of Attala county; Hon. Robert C. Perry, judge.

Joseph W. Pender, as survivor of Mary S. Pender, his deceased wife, instituted his action on the case against Pierce Dicken, alleging in his declaration, that on the 15th of September, 1846, during the lifetime of his deceased wife, they had

Pender v. Dicken.

entered into written articles of agreement with Dicken, whereby they had rented to said Dicken a house and lot in the town of Kosciusko, in said county, "being the same house and lot deeded from William Tipton and wife to Mary S. Pender," &c., and had jointly covenanted with said Dicken that he should have undisturbed possession of said premises from the said date until the 25th December, 1847 ; that by said agreement Dicken bound himself to make certain specified repairs on the house, " or what shall be adjudged to be one hundred dollars' worth of work;" avers compliance on their part with the agreement as to possession, but that the defendant had wholly failed to perform his contract in its terms, or to do one hundred dollars worth of work, &c.; damage, $200. The defendant, at the September term, 1850, after craving oyer of the agreement in writing, which is substantially as described in the declaration, demurred to the declaration, and assigned for cause: — "1. That the plaintiff sues as survivor of his wife when the demand (if any) was in right of his said wife. 2. That plaintiff does not show that he has any interest in the house and lot on which the improvements were to be made, and hence the failure to improve is only an injury to the heir ; and because the declaration is in other respects informal and insufficient."

The court sustained the demurrer and dismissed the cause. The plaintiff moved the court at the same term " to set aside the sustaining of the demurrer," which was continued. At March term, 1851, this motion was overruled, the demurrer again sustained, and judgment rendered against the plaintiff for costs.

The plaintiff prosecutes this writ of error.

*Groves* and *Swann*, for appellant,

Contended that there was nothing in defendant's demurrer. 1. The contract set out in the declaration was with Pender and wife jointly. She being dead, the action survived to him. *Bidgood* v. *Way and Wife*, 2 Black. R. 1236; *Richardson* v. *Daggett*, 4 Verm. R. 345; 10 Johns. R. 49; *Draper* v. *Jackson*, 16 Mass. R. 480. In this case, on a sale of the wife's lands, a note and mortgage were given to her and her husband jointly; on his death she was held entitled to them as survivor. So, 2

Verm. 683, and 1 Ch. on Pl. 11, 12.  2. It does not appear by the declaration whether there were any children of the wife surviving.  The damages constituted a chose in action, which, (assuming that it belonged to the wife, for the sake of argument,) in default of issue surviving her, survived to the husband.  Hutch. Code, 498, art. 7, § 6.  If there were issue, he was tenant by the curtesy.

*Barrett* for appellee.

Mr. Justice HANDY delivered the opinion of the court.

This was an action of assumpsit brought by the plaintiff in error against the defendant, on a written contract entered into between the plaintiff and his wife and the defendant, for the rent of a house and lot.

The declaration alleges, that on the 15th September, 1846, and during the lifetime of Mary S. Pender, since deceased, the wife of the plaintiff, in consideration that the defendant should have possession of a certain house and lot in the town of Kosciusko, in Attala county, the property of said Mary S. Pender, from that date until the 25th day of December, 1847, the defendant agreed and bound himself in writing to the plaintiff and his wife, to make certain specified repairs upon the premises, or to the value of one hundred dollars; that possession was accordingly delivered to the defendant and held during the term stated, but that he has entirely failed to make the repairs according to his agreement, whereby an action has accrued to the plaintiff, as survivor of his deceased wife, for the damages occasioned by the breach of the contract.  To this declaration, the defendant demurred on the following grounds.  1st. That the plaintiff sues as survivor of his wife, when the demand was in right of his wife.  2d. It does not appear that he was executor or administrator of his wife or guardian of her children. 3d. No interest in the premises is shown in the plaintiff, and therefore that the right of action was in the heir.

The court below rendered judgment on the demurrer for the defendant.

Taking the averments of the declaration to be true, and giv-

ing to them the force and effect of which they were susceptible, we think they showed a sufficient right of action in the plaintiff. Under several states of circumstances, consistent with the statements of the declaration, the plaintiff would be entitled to maintain the action. 1st. The declaration does not show whether the wife died before or after the determination of the lease. If she died after it, the right of action arising from the defendant's non-performance of the contract was complete during her life, and being a contract to them jointly, it survived to the husband upon her death. 1 Chitt. Pl. (8th Amer. edit.), 31 ; *Hill* v. *Saunders*, 4 B. & C. 529, (10 Eng. C. L. R. 402). The action was brought after the lapse of more than two years after the expiration of the lease, and the damage is alleged to be to the plaintiff as survivor. It may, therefore, be fairly intended that she died after the defendant's breach of the contract, and it is a rule of pleading that where an expression is capable of different meanings, that will be adopted which will support the declaration, and not the other which would defeat it. 2d. If she died, having had issue of the marriage, the husband would be entitled to the rents and profits of her real estate by the rules of the common law. The declaration is silent as to the issue of the marriage, but the existence of such issue is not inconsistent with the statements of the declaration. It does not appear at what time the marriage took place, nor at what time the conveyance of the property was made to the wife. If these things took place before the passage of the act of 1846 in relation to the rights of married women, the rents and profits of the property belonged to the husband, and his right to them could not be divested by that act.

We conclude, therefore, that the declaration on its face was sufficient, and if the defendant sought to avail himself of the existence of facts destroying the *primâ facie* right of action set forth in it, he should have done so by plea.

The judgment is reversed, and the case remanded.