## Wytheville.

GRAY v. KEMP & AL.

July 2d, 1891.

1. PRACTICE OF COMMON LAW—*Declaration—Demurrer.*—The familiar rule is that in case of a general demurrer, where any one count is good, the demurrer is overruled.

2. IDEM—*Misjoinder of counts—Case at bar.*—Here there are three counts, the last two being in *assumpsit.* The mere fact that the first count says, "The plaintiffs complain of the defendant of a plea of trespass on the case," instead of "trespass on the case in *assumpsit,*" cannot change the form of the action nor affect the result upon demurrer.

3. IDEM—*Misjoinder of issue—Repleader—Case at bar.*—Where to such declaration in *assumpsit* a plea of "not guilty" is filed, issue joined thereon, a fair trial had on all the facts, and verdict and judgment for plaintiff, a repleader will not be awarded.

4. SALE OF STOCK—*Measure of damages for non-delivery.*—Where at agreed price, which was paid, defendant sold plaintiffs certain stock and gave them an order for its transfer. The company denied that he owned the stock. Defendant then offered to refund, but plaintiffs refused to accept the money, and without any reasonable delay, sued for damages for breach of contract ;

HELD :

Plaintiffs were entitled to recover the value of the stock, or its highest price in market at any time after demand and refusal.

Error to judgment of hustings court of city of Roanoke, rendered June 14th, 1890, in an action of trespass on the case in *assumpsit,* wherein F. B. Kemp and W. M. Nelson were plaintiffs, and R. H. Gray was defendant. Verdict and judgment being for the plaintiffs, the defendant brought the case here on writ of error and *supersedeas.* Opinion states the case.

*T. W. Miller* and *Penn & Cocke*, for plaintiff in error.

*Smith & King*, for defendants in error.

HINTON, J., delivered the opinion of the court.

This is an action to recover damages for the failure of R. H. Gray, the defendant below, to deliver fifty shares of the capital stock of "The Salem Land Company." There was a demurrer to the declaration, which, we think, was properly overruled. The demurrer is general, and in such case the familiar rule is, that if any one count be good, the demurrer must be overruled. *Hollinsworth* v. *Milton*, 8 Leigh, 50; *Ferrill* v. *Brewis' Adm'r*, 25 Gratt. 766; 4 Minor, 895. And in this case all of the counts appear to be good.

But it is contended that, admitting all the counts to be good in form and substance, that the two first counts are in case, and the third in *assumpsit*, and, therefore, there is a misjoinder of counts. 4 Minor, 366. To this we cannot assent, for the two first counts tried by all the tests are as plainly counts in *assumpsit* as is the third. 4 Minor, 577, 578. The mere fact, therefore, that the plaintiffs in the first count say that "complain of R. H. Gray, defendant, of a plea of *trespass in the case*," instead of *trespass on the case in assumpsit*, cannot change the form of the action nor affect the result upon this demurrer. 9 Gratt. 183.

It is also insisted on behalf of the plaintiff in error that even if this action is in *assumpsit*, that there has been no proper issue made, and no proper trial, because the plea of "not guilty" was the only one entered. But this position is not tenable. It is plain that a fair trial of the case has been had; all the facts and circumstances of the case have been inquired into; and a verdict and judgment has been rendered for *the plaintiffs*, and the court will not now allow the defendant the benefit of his own mistake, and award a repleader. While the

plea is informal, it is now too late for it to be taken advantage of. In *Hunnicutt* v. *Carsley*, 1 Hen. & Munf. 153, "The appellee brought an action of covenant against the appellants in the district court of Petersburg. The defendants pleaded 'not guilty;' upon which issue was joined." And after verdict and judgment this court held that the informality of the plea was cured by the verdict. See, also, *King* v. *M'Daniel*, 4 Call, 451; *Henderson* v. *Foote*, 3 Call, 248. And see, also, *Bonsack & Kiser* v. *Roanoke county*, 75 Va. 587, where it is held in accordance with numerous authorities, that the court will never grant a repleader except when complete justice cannot otherwise be obtained.

So much for the questions arising upon the form of the pleadings.

Now upon the merits, the correctness of the judgment seems equally clear. The facts of the case seem to be these: That on the 20th of November, 1889, the defendant Gray stated to one of the plaintiffs, Kemp, *that he had one hundred shares of stock in the Salem Land and Improvement Company*, and wished to know if he would purchase the same. To this offer Kemp made no direct reply. Later in the same day Gray came to the office of Kemp, and whilst he declined to sell the whole one hundred shares, he agreed to sell Kemp, who was acting for himself and Nelson, fifty shares at $3.50 per share, and the next morning he presented to Kemp the order for the transfer, who accepted the same, and gave Gray his check for the purchase price of $175. This order was taken to the Secretary of the Salem Land and Improvement Company to have the transfer made to Kemp and Nelson, when the Secretary said that Mr. Gray did not have any stock in the company. Gray was subsequently repeatedly requested to deliver the stock "before it rose higher," and promised to do so, but failed, and finally offered to refund the money he had received, which Kemp and Nelson declined to receive. He now claims that he did not sell fifty shares of stock, but only "his inter-

est" in fifty shares of stock. This, however, is purely an afterthought, as is shown by the letters of Gray himself, in one of which he says, " I have sold fifty shares and given an order on you," and in another of which he says, " I return you the money, as I find the Salem Land Company still obstinate, hence, cannot say when I could get my stock." The reason for the ·Company's action seems to be that Gray had not paid the two first assessments at the appointed day, but had sent his check for the same just one day before he made the sale. Now upon this state of facts there can be no disputing the plaintiff's right to recover. The only remaining question, therefore, is, what was the proper measure of damages. The jury seemingly adopted $20 per share the value of the stock at the time of trial, and rendered a verdict of $1,000. And this, no matter what may be regarded as the proper rule, cannot be deemed excessive. The general rule, where there has been no unreasonable delay in the commencement and prosecution of the case is to treat the refusal as amounting to a conversion, and give as the measure of damages the value of the stock or its highest price in market at any time after demand and refusal. 2 Waterman on Corporations, p. 187, and cases cited in note 2. Sedgwick on the Measure of Damages, p. 316; Biddle on the Law of Stock Brokers, pp. 417, 419, 129 U. S. 193. But in this case it is immaterial whether this be the rule, or, whether the rule be the value of the stock at the date of trial, in either event, the defendant has not been injured, for the proof shows that the highest intermediate price was $26, whilst the actual value of the stock on the day of trial was $20 per share. We see no reason for disturbing the judgment, and it is accordingly affirmed.

JUDGMENT AFFIRMED.