## Richmond.

NORFOLK & WESTERN RAILWAY CO. v. WADE.

DECEMBER 3, 1903.

Absent, Buchanan, J.*

1. CONTINUANCE.—A motion for a continuance is always addressed to
the sound discretion of the court, and, while its action is the sub-
ject of review, it will not be reversed unless plainly erroneous.

2. MASTER AND SERVANT—*Safe Machinery—Inspection.*—It is the per-
sonal duty of a master to use ordinary care and diligence to pro-
vide for his servant sound and safe machinery and appliances, and
such as are reasonably calculated to insure his safety, and to in-
spect and examine them from time to time, and to use ordinary
care and skill to discover and repair defects. If, therefore, the
master knows, or would have known if he had used ordinary care
to ascertain the facts, that the machinery or appliances which he
has provided for his servant are defective and unsafe, and the
servant is injured thereby, the master is liable.

3. MASTER AND SERVANT—*Safe Machinery—Inspection—Latent Defects—
Verdicts—Evidence to Support.*—Where the injury to a servant is
caused by a latent defect in machinery provided by the master,
but there is evidence tending to show that the machinery had been
taken to pieces by the master's servant for the purpose of repair-
ing other portions thereof, and that the defect complained of must
then have been disclosed, but was not remedied, the liability of the
master is a question of fact to be determined by the jury under
proper instructions from the court, and their verdict will not be
disturbed unless plainly contrary to the evidence.

Error to a judgment of the Circuit Court of Franklin county
rendered in an action of trespass on the case, wherein the defend-

---

* Judge Buchanan was detained at home by sickness.

ant in error was the plaintiff, and the plaintiff in error was the defendant.

*Affirmed.*

The opinion states the case.

*P. H. Dillard* and *Watts, Robertson & Robertson,* for the plaintiff in error.

*L. W. Anderson* and *Samuel A. Anderson,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

There was no error in the action of the court in overruling either the demurrer to the amended declaration, or the motion for a continuance. No ground is suggested by the petitioner in support of either proposition, and no reason is perceived why either should have prevailed. Indeed, the petitioner says that he does not care to discuss the action of the court with respect to these matters. A motion for a continuance is always addressed to the sound discretion of the court, and while its action is the subject of review, it will not be reversed unless plainly erroneous. *Shott* v. *N. & W. R. R., 92* Va. 34, 22 S. E. 811.

It is not necessary to discuss the instructions in detail. Counsel for plaintiff in error says, in the petition, that he is not disposed to dispute the correctness of the instructions given. The contention relied on is that there was no evidence to sustain the instructions, or to support the verdict of the jury, and that for this reason the motion to set aside the verdict should have been sustained.

The case stands here as on a demurrer to the evidence. Viewed from this standpoint, we find the salient facts to be that James P. Wade, a young man twenty years old, was injured while in the service of the defendant company, assisting in the

operation of its hand car. At the time of the accident he was aiding in propelling the car, and while in motion, without warning, the handle he was using broke in two and precipitated him to the track below in front of the car, causing the injuries complained of. There are two sets of handles upon the car which consist of an upright iron which divides near the top in the shape of a "Y," and at each of the upper points of the "Y" there is a cuff or circular band of iron. The wooden handle is in one piece, and is driven through these two cuffs as tightly as possible and fixed there with a wood screw, as a permanent integral part of the machine, not intended to be removed, and cannot be without great abuse and detriment to the handle. The break in the handle in question was inside of the cuff, and disclosed that at the point of fracture it was defective and weak to such an extent that if out of the cuff its infirmity could have been readily seen. These handles are supposed to be made out of the toughest, strongest wood procurable, and have great endurance. The life of a hand car is generally eight years, and the handle is the most enduring portion of it. This hand car was bought from reputable manufacturers, had been in use only eight months, and yet on the day before the accident the other wooden handle in rear of the car suddenly broke while it was being used in the operation of the car.

The contention of the plaintiff in error is that no one saw or knew of the defect in this handle at any time prior to its breaking, and that, the weak point being concealed by the iron band or cuff, no inspection could have disclosed the defect.

"It is a fundamental principle of the law of master and servant, that the master personally owes to his servants the duty of using ordinary care and diligence to provide for their use in service sound and safe machinery, materials, and instruments, and such appliances as are reasonably calculated to insure their safety; and he is equally bound to inspect and examine all those things from time to time, and to use ordinary

care and skill to discover and repair defects in them. If, therefore, the master knows, or would have known, if he had used ordinary care to ascertain the facts, that the machinery, instruments, or appliances, which he has provided for the use of his servants, are defective and unsafe, and the servant is thereby injured, the master is liable." *N. & W. R. R. Co.* v. *Ampey,* 93 Va., pp. 108-128, 25 S. E. 226; *N. Pac. R. R. Co.* v. *Herbert,* 116 U. S. 642, 6 Sup. Ct. 590, 29 L. Ed. 755; *Wabash Ry. Co.* v. *McDaniel,* 107 U. S. 454, 2 Sup. Ct. 932, 27 L. Ed. 605; *Union Pac. R. R. Co.* v. *Daniels,* 152 U. S. 684, 14 Sup. Ct. 756, 38 L. Ed. 597.

In *Morton* v. *Railroad Co.,* 81 Mich., on page 432, 46 N. W. 114, the court says: "The managers of railroad companies are engaged in conducting for profit a business which at the best is hazardous to human life. In providing sound tools and safe appliances for the use of their employees, their plain legal duty, to say nothing of the dictates of humanity, requires great vigilance. They cannot be heard to excuse themselves from taking all reasonable care on the ground that care involves labor or expense. They cannot be held responsible for hidden defects in tools or appliances, if they have used reasonable care in procuring them; but they are not absolved from the duty of testing or inspection because they have bought in the open market of reputable dealers, or employed competent workmen to construct them."

In the case at bar it appears from the evidence that a short while before the accident the iron part of the handle in question was known to the company to be in a defective condition. It had been sent to a blacksmith three times for repair, the last time about a week prior to the accident. Notwithstanding the evidence shows that the wooden handle was fastened in as a permanent part of the machine and not designed to be taken out, it appears that the wooden handle was not in the iron cuff when the iron part was repaired, and that the repair in question could

not be made with the wooden handle in its place. The black-smith says that "they (the handles) were not in the iron when I worked on them. They were taken out before they were brought to the shop, because they were not taken out in the shop, and they must have been taken out before they were brought to the shop. They were not in there, and I did not take them out. If they were in the lever when they were brought, they were taken out by the party who brought the lever there." It further appears that when the handle was replaced in the cuffs, it was fastened in its position by a nail, instead of by a wood screw as formerly; that at the time of the accident an old crack was in the handle at the point covered by the cuff, the place where it broke in two, which had been there for some time. This handle thus replaced was in use by the company, and was the one used by Wade at the time of the accident.

The contention of the defendant in error is, that the irrisistible inference from this evidence is that the wooden handle was taken from the iron cuff by the railroad company, or its agent, for the purpose of having the iron part of the handle repaired, and when it was repaired the wooden handle was replaced in the cuff by the company for its own purposes; that while the wooden handle was out of the cuff the company had ample opportunity, before replacing it, to have inspected it, and that a proper inspection at that time would have disclosed the patent defect theretofore covered by the iron cuff.

The jury was the proper tribunal to determine the rights of the parties under the evidence to which we have adverted. The case was fairly submitted to them and, without comment on the evidence, it is sufficient to say we do not feel warranted in saying that their verdict is either against the evidence or without evidence to support it. For these reasons the judgment complained of must be affirmed.

*Affirmed.*