# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

' VIRGINIA & NORTH CAROLINA WHEEL CO. v. HARRIS.

March 9, 1905.

Absent, Cardwell, J.

1. PLEADING—*Declaration—Demurrer—Grounds of Demurrer.*—A demurrer to a declaration as a whole raises the question whether the declaration sets out sufficient matter to sustain the action, and if there are several counts in the declaration, and any one of them is good, the demurrer should be overruled; and the fact that the assignment of causes of demurrer applies to the bad counts as well as to the good will not affect the result as it does not enlarge the scope of the demurrer.

2. APPEAL AND ERROR—*Demurrer—Grounds Assigned in Trial Court.*—No causes of demurrer not assigned in the statement of causes of demurrer in the trial court can be assigned in this court.

3. PLEADING—*Declaration—Demurrer.*—A declaration is sufficient if it informs the defendant of the nature of the demand made upon him, and states such facts as will enable the court to say that if the facts are proved as alleged they establish a good cause of action.

4. MASTER AND SERVANT—*Defective Machinery—Promise to Repair.*—Where a servant is injured by defective machinery which he is induced to operate by the master's orders, coupled with a promise to repair the defect, the master is liable, unless the danger is so manifest that no prudent person would incur the risk; and, generally, whether the continuance in the service and the use of the defective machinery amounts to such negligence as to bar recovery, ought to be submitted to the jury under proper instructions from the court.

5. PLEADING—*Declaration—Allegation of Duty—Demurrer.*—An allegation of duty is only a conclusion of law, and where the facts alleged show the duty, and are stated with sufficient clearness to prevent surprise, and enable the court to proceed upon the merits of the cause, the declaration is sufficient.

6. PLEADING—*Allegation, "Promise to Repair"—Breach, "Refusal"—Demurrer.*—Where a declaration alleges that a master promised to repair defects in machinery, and failed and refused to do so, the word "refused" will be held to mean "did not comply with."

7. EVIDENCE—*Defective Machinery—Subsequent Repairs.*—In order to rebut evidence offered by defendant, the plaintiff may prove the condition of defective machinery which caused the injury complained of shortly after the injury, and also subsequent repairs.

8. MASTER AND SERVANT—*Use of Defective Machinery—Care Required.*— The care required in the use of machinery known to be defective, and which the master has promised to repair, is such reasonable care and caution as a prudent man would exercise under the same circumstances.

9. INSTRUCTIONS—*Evidence to Support.*—It is not error to refuse an instruction when there is no evidence to justify it.

10. INSTRUCTIONS—*Harmless Omission.*—Where the allegation of a declaration and the uncontradicted testimony of the plaintiff is that the plaintiff relied upon the defendant's promise to repair defective machinery whereby the injury complained of was inflicted, the fact that an instruction omits to state that the plaintiff must have relied on such promise is harmless error.

11. MASTER AND SERVANT—*Defective Machinery—Knowledge of Master— Direction to Use—Assumption of Risk.*—The presumption is that a master's knowledge of machinery is superior to that of the servant, and if the servant complains of defects which the master refuses to remedy, and directs the servant to continue its use, the servant has a right to presume that the master considers the machinery in a reasonably safe condition, and may continue its use without necessarily assuming the risk, unless the defect is so palpable, immediate, and constant that only a reckless man would use it.

12. MASTER AND SERVANT—*Safe Machinery—Repairs—Personal Duty of Master—Continuing Duty.*—It is the duty of a master to use ordinary care to furnish reasonably safe machinery for the use of his servant, and this duty is not only a personal, non-assignable duty, but a continuing one. He does not exempt himself by simply making repairs, but he is to continue to use ordinary care to see that his machinery is reasonably safe.

Error to a judgment of the Circuit Court of Henrico county, in an action of trespass on the case, wherein defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Affirmed.*

The opinion states the case.

. *J. Alston Cabell* and *L. O. Wendenburg*, for the plaintiff in error.

*Samuel A. Anderson, H. A. Atkinson* and *John A. Lamb*, for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

The purpose of this writ of error is to review a judgment rendered in behalf of the defendant in error, Harris, against the plaintiff in error, the Virginia & North Carolina Wheel Company, in an action to recover damages for personal injuries.

There was a demurrer to the declaration, which contained two counts, and the action of the trial court in overruling the demurrer constitutes the first assignment of error.

Since the court is of opinion, for reasons to be stated presently, that the second count is sufficient to maintain the action, and as it appears that the evidence, both of the plaintiff and defendant was addressed to the case made by the second count, it will be unnecessary to consider the alleged insufficiency of the first count.

It has long been the established rule of practice in this State, that a demurrer to the entire declaration raises the question, whether it sets out sufficient matter to sustain the action; and in such case, where there are several counts, one of which is good, the demurrer must be overruled. *Roe* v. *Crutchfield*, 1 H. & M. 361; *Hollingsworth* v. *Milton*, 8 Leigh 50; *Henderson* v. *Stringer*, 6 Gratt. 130; *Wright* v. *Mitchie*, 6 Gratt. 354; *Smith* v. *Lloyd*, 16 Gratt. 295; *Wright* v. *Smith*, 81 Va. 777; *Gray* v. *Kemp*, 88 Va. 201, 16 S. E. 225; *Grubb* v. *Burford*, 98 Va. 553, 37 S. E. 4.

The defendant seeks to escape the consequences of the

above mentioned rule by showing that the assignment of causes of demurrer applies to both counts of the declaration. But the office of the assignment is to indicate the grounds relied on, and not to enlarge the scope of the demurrer.

"Assigning special causes for demurrer does not make a demurrer special, which is in its nature general." *Miller* v. *M'Luer*, Gilmer, 338.

"A demurrer to a declaration with a statement of special cause of demurrer, that one of the counts, or breaches, or parts, of the plaintiff's demand of a distinct and divisible nature is bad, does not alter the character of the demurrer. And if there be matter enough in the declaration to maintain the action, the demurrer must be overruled." *Henderson* v. *Stringer*, *supra*.

The second count of the declaration, after stating the employment of the plaintiff by the defendant as a sawyer, alleges that it was the duty of the defendant to use ordinary, due and proper care to furnish the plaintiff with a reasonably safe and proper saw with which to perform his work; and especially was it the duty of the defendant, when it found that the machinery was out of order, to have the same repaired, so that the plaintiff would not be injured while using it. The count then proceeds to charge that the defendant was informed that the saw in question was out of order and ought to be fixed, and promised the plaintiff to fix the same; but negligently, recklessly, and carelessly failed and refused to fix the same, and directed the plaintiff to continue to operate the saw. It further alleges that the defendant was a second time informed of the condition of the machine, and again promised the plaintiff to fix the same, and directed him to continue to use the saw, assuring him that the same would be fixed in a reasonable and proper time; upon which promise the plaintiff relied and continued to operate the saw. Yet, it is said, the defendant, un-

mindful and disregardful of its duties and promises, negligently, recklessly, and carelessly failed and refused to fix the saw as promised in a reasonable and proper time, by reason whereof, while the plaintiff was operating the saw, and without any fault on his part, but because of the defective, insecure, and unsafe condition of the saw, he received the injuries complained of.

Summarized, the causes of demurrer assigned by the defendant in the trial court (and to which he must be confined in this court—Va. Code, 1904, sec. 3271) are, first, that the declaration is vague and indefinite, and does not set out the alleged cause of action with sufficient particularity; and, second, that it seeks to hold the defendant responsible for obvious and known risks incident to the employment and assumed by the plaintiff, and to impose upon the defendant a higher degree of care than is required by law.

The count is plainly not amenable to the first objection. To the contrary, the facts which constitute the alleged cause of action are stated with sufficient certainty to be understood by the defendant, who has to answer them; by the jury, who are to inquire into their truth; and by the court, which is to render judgment. *Wood* v. *American National Bank*, 100 Va. 306, 40 S. E. 931.

The rule laid down in yet more recent cases is that the declaration is sufficient if it informs the defendant of the nature of the demand made against him, and states such facts as will enable the court to say that if the facts are proved as alleged they establish a good cause of action. *Hortenstein* v. *Va.-Carolina Ry. Co.*, 102 Va. 914, 47 S. E. 996; *Va.-Portland Cement Co.* v. *Luck's admr.*, ante p. 427, 49 S. E. 577.

The second ground of demurrer involves the right of a servant to recover damages against the master for injuries occasioned by defective machinery, of which he has notice. The general rule is that a servant who continues in the service with

such knowledge, without complaint and without the promise of the master to repair the defect, cannot recover damages of the master for an injury received under such circumstances. But the rule is subject to the qualification, that where the servant is induced to continue to operate the defective machinery by the order of the master, coupled with a promise to repair the defect, the master is liable, unless the danger is so manifest that no prudent person would incur the risk. And, ordinarily, the question, whether a continuance in the service and use of the defective machinery amounts to such negligence as to bar a recovery, ought to be submitted to the jury upon proper instructions. *Hough* v. *Ry. Co.*, 100 U. S. 213, 25 L. Ed. 612; *Kane* v. *Ry. Co.*, 128 U. S. 91, 32 L. Ed. 339, 9 Sup. Ct. 16; *N. & W. Ry. Co.* v. *Ampey*, 93 Va. 108, 25 S. E. 226; *Virginia & Carolina Wheel Co.* v. *Chalkley*, 98 Va. 62, 34 S. E. 976; *N. & W. Ry. Co.* v. *Wade*, 102 Va. 140, 45 S. E. 915.

An allegation of duty is only a conclusion of law; and where the facts alleged show the duty, and are stated with sufficient clearness to prevent surprise and enable the court to proceed upon the merits of the cause, the declaration ought to be sustained. *Va. Code* (1904), sections 3246, 3272.

Tested by these familiar principles applicable to the relation of master and servant, the declaration states a good cause of action.

But it is said the averment, that the master promised the servant to repair the saw, but failed and *refused* to do so, is inconsistent with the theory that the promise to remedy the dangerous condition of the saw was the motive that induced the servant to incur a known danger. It is manifest, however, that the word "refused" is not used in the narrow sense attributed to it, in the connection in which it occurs. Employed as an intransitive verb, the definition in Webster's International Dictionary of "refuse" is "not to comply with," and in *Taylor* v.

*Mason*, 9 Wheat. 327, 6 L. Ed. 101, it is said: "The words 'refusing to comply' may in general have the same operation in law as the words 'failing to comply' would have."

"It is a rule of pleading that when an expression is capable of different meanings, that one will be adopted which will support the pleading, and not one which will defeat it." *Pender* v. *Dicken*, 27 Miss. 252; *Loehr* v. *Murphy*, 45 Mo. App. 523.

Ascribing to the word "refused," its broader signification, there is no merit in the last suggestion.

The second assignment of error is that the court permitted the plaintiff to introduce evidence showing the condition of the saw about one week after the accident happened, and also subsequent repairs.

The foreman and principal witness for the defendant had testified in chief that there was nothing the matter with the slide; that it was the track which caused the trouble; that he had fixed the track about fifteen or twenty days, or possibly a month, before the accident, after which time there was no complaint on the part of the plaintiff. To strengthen his statement, he declared that another employee went to work on the saw the day after the accident and worked it for six weeks. The questions and answers objected to were directly in rebuttal of the foreman's testimony, and were therefore clearly admissible.

In *Virginia & North Carolina Wheel Co.* v. *Chalkley*, 98 Va. 62, 34 S. E. 976, it is said: "The defendant company, for the purpose of showing that the machine was in a reasonably safe condition when the accident occurred, introduced evidence tending to show that some time afterwards it was in good condition, and that no repairs had been made upon it during that period. The plaintiff clearly had the right, in rebuttal, to show that it had been repaired during that time; otherwise the defendant would be permitted to prove facts to establish its defense which the plaintiff was denied the right of disproving.

The evidence was brought out upon the cross-examination of a witness, who had testified in chief that the machinery was in the same condition when exhibited to the jury that it was when the plaintiff was injured. The latter had the right not only to show that this was not true, but upon cross-examination had the right to ask any question which tended to test the witness' accuracy, veracity or credibility, as the question complained of clearly did."

The third assignment of error is to the ruling of the court with respect to instructions.

It is insisted that the court erred in refusing to give defendant's instruction No. 2, and in giving the court's instruction No. 2 in place of it.

The rejected instruction told the jury that even though they should believe from the evidence that the defendant promised to repair the saw and failed to do so within a reasonable time, the plaintiff would not be entitled to recover for that cause alone; but if afterwards the plaintiff "failed to exercise the increased degree of care in using the saw, demanded by the increased peril, they must find for the defendant."

The competing instruction substituted for the language quoted "failed to exercise such reasonable care and caution as a prudent man would exercise under the same circumstances, they must find for the defendant."

The instruction given by the court correctly propounds the law. (*N. & W. Ry. Co.* v. *Ampey, supra; Ry. Co.* v. *Puckett,* 62 Kan. 770, 64 Pac. 631; *T. & N. O. Ry. Co.* v. *Bingle,* 91 Tex. 287, 42 S. W. 971; *Hough* v. *Ry. Co., supra.*) But the court would have been warranted in refusing the instruction tendered by the defendant on the ground that there was no evidence to justify it. The uncontradicted testimony of the plaintiff is that he was careful about running the saw; and after the master's promise to fix it was even "more careful than ever before."

The objection to instruction No. 6, given by the court, is that it does not make the presence of danger a necessary element to a recovery, and does not state that the servant relied upon the master's promise to repair.

The instruction is as follows: "The court instructs the jury that if they believe, from the evidence, that the plaintiff complained of the defective condition of the machinery which he was operating, and that the defendant promised to have the defects in said machinery remedied, but failed so to do, within a reasonable time, and, in consequence thereof, the injuries complained of were inflicted upon the plaintiff, then the defendant is liable, and the jury should find for the plaintiff, unless the jury believe that the plaintiff failed to exercise reasonable care and caution in doing the work in which he was engaged, taking into consideration the plaintiff's experience, or unless the danger was so palpable, immediate, and constant that no one but a reckless person would expose himself to it, even after receiving such promise or assurance.

The circumstance that the plaintiff was injured while operating the saw in the exercise of reasonable care and caution, aided by common knowledge, sufficiently indicates the presence of danger. Upon the second point, the fact that the plaintiff relied upon the master's promise to repair is plainly to be implied from a fair and reasonable interpretation of the instruction. But if it were otherwise, the defendant could not have been prejudiced by the omission, since the allegation of the declaration and the uncontradicted testimony of the plaintiff is that he did rely upon the master's promise to repair. *Richmond Ry. Co.* v. *Garthright*, 92 Va. 627, 24 S. E. 267, 32 L. R. A. 220, 53 Am. St. 839.

Instruction No. 7, which is objected to, was copied literally from an instruction approved in *N. & W. Ry. Co.* v. *Ampey*, *supra*.

Defendant's instruction. No. 5 is covered by instruction No. 1, given by the court.

Instruction No. 6 tells the jury that "if the defendant refused to repair the saw, or by its conduct gave the plaintiff to understand that it did not intend to repair the saw, the plaintiff assumed the risk." This instruction was properly refused, because there is no evidence to support it, and for the additional reason that it does not accurately propound the principle of law intended to be inculcated. The presumption is that the master's knowledge of machinery is superior to that of the servant; and that when a servant complains of defective machinery, which the master refuses to repair, and directs the servant to continue its use, unless the defect is so palpable, immediate and constant that only a reskless man would use it, the servant has a right to presume that the master considers the machinery in a reasonably safe condition, and may continue to use it without necessarily assuming the risk. *Va.-Portland Cement Co.* v. *Luck's admr.*, *supra;* Shearman & Redfield on Neg., sec. 168.

. It is further contended that defendant's instruction No. 7 was improperly refused. This instruction is as follows:

"The court instructs the jury that if they believe from the evidence that the plaintiff, Harris, knew the saw was out of order, and reported the same to the foreman, and that the saw was repaired in the presence of Harris, and that he made no further complaint before the accident, they must find for the defendant."

The instruction ignores the essential principle that the duty of a master to use ordinary care to furnish reasonably safe machinery for the use of the servant is a personal, non-assignable, *continuing duty*. In the form in which the instruction was offered it is not a correct exposition of the law, and was properly refused. *N. & W. Ry. Co.* v. *Ampey*, *supra;* *Ry. Co.* v. *Daniel*,.

152 U. S. 688, 38 L. Ed. 597, 14 Sup. Ct. 756; *N. & W. Ry. Co.* v. *Wade, supra; Settle* v. *St. Louis, &c. Ry. Co.,* 127 Mo. 342, 30 S. W. 125, 48 Am. St. 633.

An inspection of the instructions given by the court shows that the law of the case was fully and fairly submitted to the jury. This assignment of error is, therefore, also without merit.

The remaining assignment of error is to the action of the court in overruling the motion of the defendant to set aside the verdict of the jury as contrary to the evidence.

Viewing the case from the standpoint of a demurrer to the evidence, the evidence is ample to sustain the verdict, and it cannot be disturbed.

Upon the whole case, the judgment complained of is without error, and must be affirmed.

*Affirmed.*