## CHARLESTON.

PARFITT *v.* STERLING VENEER & BASKET Co.

Submitted February 1, 1910.   Decided December 20, 1910.

1. APPEARANCE—*Defects—Waiver.*
   Defendant's motion to quash the defective return of service of process, after appearance at rules, and filing a plea in abatement, was properly overruled. Such appearance constituted waiver of all defects in the service of process.

2. MASTER AND SERVANT—*Injuries to Servant—Assumption of Risk —Remaining in Dangerous Employment.*
   The demurrer to the first count in the declaration in this case was properly overruled.

3. PLEADING—*Sufficiency of Replication.*
   Defendant filed two special pleas in writing, of accord and satisfaction. Plaintiff put in a general replication thereto. The denial of defendant's motion to require plaintiff to plead more specifically to said special pleas was not error.

4. SAME.
   Section 40, ch. 125, Code 1906, providing that: "Where a declaration or other pleading alleges that any person made, endorsed, assigned or accepted any writing, no proof of the handwriting of such person shall be required, unless the fact be denied by an affidavit with the plea which puts it in issue", constitutes a rule of evidence, to be observed on the trial, and not a rule of pleading.

5. SAME.
   Plaintiff's general replication to defendant's special pleas of accord and satisfaction, filed, notwithstanding the statute, as at

common law, put in issue the handwriting of the contract pleaded, the statute, without affidavit denying the handwriting, rendering proof thereof unnecessary, and cutting off evidence by plaintiff thereon.

6.  PLAINTIFF'S INSTRUCTIONS PROPERLY GIVEN.
    Plaintiff's instructions to the jury in this case were pertinent to the issues, propounded correct legal propositions, and the court did not err in giving them, or either of them.

7.  MASTER AND SERVANT—*Injuries to Servant—Remaining in Dangerous Place on Master's Promise to Repair.*
    One of said instructions, covering the concrete case, properly told the jury, that if they found from the evidence that plaintiff "complained of the defective and dangerous condition of the machinery and appliances which he was operating, and that the defendant    *    *    *    promised to have the defects in said machinery remedied and the danger removed, but failed so to do within a reasonable time and in consequence thereof the injuries complained of were inflicted upon the plaintiff, then the defendant company is liable, and the jury should find for the plaintiff, unless the jury believe that the plaintiff failed to exercise reasonable care and caution in doing the work in which he was engaged, taking into consideration the plaintiff's experience, or unless the danger was so palpable, immediate and constant that no one but a reckless person would expose himself to it, even after receiving such promise or assurance."

8.  SAME—*Injuries to Servant—Contributory Negligence.*
    Another of said instructions properly told the jury, that under the same promises, "plaintiff's subsequent use of such machinery and appliances in the well grounded belief that the same would be put in proper condition, within a reasonable time,    *    *    *    does not necessarily, or as a matter of law, make him guilty of contributory negligence, and in such case it is a question for    *    *    *    the jury to say whether, in relying upon such promise, and using said machinery, after plaintiff knew of its condition, he was in the exercise of due care under the circumstances, and the jury are instructed that in such case the burden of proof is upon the company to show contributory negligence on the part of the plaintiff."

9.  SAME—*Injuries to Servant—Negligence of Master—Violation of Statute.*
    It was not error to tell the jury as the court below did in plaintiff's instruction number three, given, that if they found that defendant had violated section 442, punishable by section 447, in failing to safely and securely guard, or give notice of, its

dangerous machinery, as required by said section 442, they might take this fact into consideration on the question whether or not defendant was negligent.

10. TRIAL—*Instructions—Modifications.*

Defendant's instructions, given, covered those rejected, and though containing, as proposed, correct legal propositions, were properly modified by the court, and given as modified, to cover the concrete case presented by the evidence, by adding thereto: "Unless the jury believe from the evidence that plaintiff was induced to remain in the employment of said company by the promise of said General Manager to correct such unsafe condition, and that the failure to so correct such condition was the proximate cause of such plaintiff's injury."

11. SAME—*Reception of Evidence—Waiver of Right to Introduce Writing in Evidence.*

Defendant by offering evidence of the handwriting of the contract, pleaded in its special pleas, and permitting plaintiff, without objection, and without affidavit filed denying the handwriting, to introduce evidence impeaching the same, and trying the action, and submitting the issues to the jury, as if such affidavit had been filed, thereby waived its right, under said section 40, ch. 125, Code, to introduce said writing in evidence, without such proof, and to cut off evidence by plaintiff thereon.

Error to Circuit Court, Wood County.

Action by Samuel H. Parfitt against the Sterling Veneer & Basket Company.   Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*R. E. Bills* and *Dorr Casto,* for plaintiff in error.

*Harold W. Houston* and *J. Robert Anderson,* for defendant in error.

MILLER, JUDGE:

Plaintiff sued for personal injuries sustained while employed as engineer, by having his arm caught between the belt and pulley or shafting on the engine in defendant's factory, and which was thereby greatly lacerated, broken and bruised, resulting in permanent injuries and consequential suffering, pain, etc.

On the trial plaintiff obtained a verdict and judgment for

$809.09, and to reverse that judgment defendant has brought the case here on a writ of error.

Among the many points of error assigned and relied on, one relates to the service of process and the refusal of the court to quash the return of the officer thereon; three relate to alleged errors of the court in its rulings on the pleadings. We regard all these points without substantial merit, and will dispose of them briefly, before proceeding to consider the other points, though this is the reverse order in which they have been presented.

The objection to the return by the officer is, that it was not signed by him; that it imports service on Eddy, secretary of defendant company, and not upon the corporation itself, by delivering a copy thereof to some officer upon whom service of process might lawfully be made. Other defects in the return are also suggested. This motion was not made, however, until after the defendant had appeared by counsel, at rules, and filed its plea in abatement, for an alleged variance between the writ and declaration. Such appearance, as has many times been decided by this and other courts, constituted a waiver of defects in the service of process. *Groves* v. *County Court,* 42 W. Va. 587; *Fulton* v. *Ramsey,* 67 W. Va. 321 (68 S. E. 381). No error was committed therefore in overruling the motion to quash.

The trial court sustained defendant's demurrer to the second count, but overruled it as to the first count of the declaration. The first point of error relating to the pleadings is, that the court should have also sustained the demurrer to the first count. We do not think so. We have examined it, and think it states all the elements necessary to constitute a substantial cause of action. The particular act of negligence alleged and relied on, and to which the evidence mainly related, is, that the defendant had so located its engine and force pump in the engine room and on opposite sides of the door or passage way leading from its main building to the engine room as to leave but a very narrow passage between the end of the shaft on the engine and the force pump, through which plaintiff was obliged to pass in the discharge of his duties, and had negligently permitted said shaft and pump to remain in such dangerous, exposed and unguarded position in said room, so that plaintiff while in the discharge of

his duties, and while in the act of passing said dangerous, exposed, unsafe and unguarded machinery, without fault on his part had his arm caught between said shaft and the belt, whereby he sustained the injuries complained of. The declaration does allege, in anticipation no doubt of the defense, that while plaintiff knew of, or had ascertained on the day of his injuries, the dangerous and unguarded condition of this machinery, and had called the attention of the defendant thereto, nevertheless he was induced to and did remain in the employment of the defendant, in reliance upon and belief in its promises, that said machinery would be provided with safe and secure guards, which defendant had neglected to do, and by reason whereof and without any fault on his part plaintiff had sustained the injuries complained of.

If we understand counsel for the defendant their suggestion in argument is that this latter allegation discloses knowledge on the part of the plaintiff of the dangerous and unguarded condition of the machinery, and that having thereafter continued in the service of defendant, as alleged, plaintiff assumed the risk of the known and apparent dangers and thereby absolved defendant from all liability resulting therefrom.

Many authorities cited and relied upon by counsel do support the general proposition, that where an employee, with full knowledge and appreciation of the dangers and hazards of his employment, and the negligence of his employer to make the place safe, continues in the service in the unsafe place and subject to the dangers, which are known and fully appreciated by him, he thereby waives performance by the master of the duty imposed upon him by law, in respect to the safety of the place where the service is to be performed. *Laverty* v. *Hambrick,* 61 W. Va. 687. This is not the rule, however, where, as the plaintiff alleges in the declaration in this case, after knowing of and appreciating the dangers, he has been induced by the master to remain in his employment by promises to remedy the defects and remove the dangers within a reasonable time. We think the declaration fairly presents such a case, and that the demurrer to the first count was properly overruled.

The defendant was permitted to file two special pleas in writing. In form and effect they are pleas of accord and satisfaction. The foundation of both pleas is an alleged agreement, pur-

porting to be signed by the plaintiff and his wife, dated Williamstown, W. Va. April 15, 1907, as follows: "For and in consideration of the settlement of hospital bill and bill of S. A. Cunningham for surgical services, I waive all right for myself and family to farther damages of injury of Feb. 18th, '07." The first plea pleads this agreement by reference to its date, and its legal effect, and alleges the making and delivery thereof by plaintiff, and performance thereof by the defendant; the second pleads the making and delivery of said contract, setting it out in full, and alleges that it constitutes a release of the defendant, and an estoppel on the part of the plaintiff to maintain this action.

Plaintiff replied generally to these pleas, but the defendant upon a subsequent day moved the court to require plaintiff to plead more specifically, but the court overruled the motion, and the case was tried on these pleas, with general replication thereto. The action of the court on the motion is the subject of the second point of error relating to the pleading. Did the court err therein?

Defendant's counsel contend that if the plaintiff intended to rely upon the non-execution of the contract he should have been required to plead *non est factum,* or some other special matter on which he would rely in avoidance of the contract. The answer of the plaintiff's counsel is, first, that *non est factum* is a plea, and not a replication, and that such a plea is applicable to actions *ex contractu* only; second that both pleas should have been rejected, because the matter of them was admissible under the general issue of not guilty, and that they were wholly improper in an action *ex delicto.*

We do not think the court erred in overruling defendant's motion. The effect of a general replication generally is to put the plaintiff upon proof of all the matters of defense pleaded. Hogg's Pl. & Forms, section 282, citing 1 Chitty Pl. (11 Am. Ed.) 579. Mr. Hogg says: "Under our practice it is usual to rely on this general replication, and thus put the defendant upon proof of his plea, even though the plaintiff rests his case on a special replication, and, without which, could not reasonably expect to succeed in his case." In section 284, the same writer says, concerning the use of a special replication: "If the plaintiff would reply otherwise than generally, he must do

so specially by way of confessing and avoiding the plea, wherein he must admit the truth of the matter alleged in the plea." Citing 1 Chitty on Pl., same edition, same page. In *Norvell* v. *K. & M. Ry. Co.,* 67 W. Va. 467 (68 S. E. 288), a case recently decided, a special replication was filed to a plea of accord and satisfaction; but the plaintiff in that case substantially confessed the making of the contract, and set up therein special matter in avoidance of the contract. The authorities just cited would seem to require in such case a special replication.

But we have section 40, chapter 125, Code 1906, which counsel on both sides seem to have overlooked, providing that: "Where a declaration or other pleading alleges that any person made, endorsed, assigned or accepted any writing, no proof of the handwriting of such person shall be required, unless the fact be denied by an affidavit with the plea which puts it in issue." Does this statute change the common law rule of pleading, or does it furnish simply a rule of evidence, to be observed on the trial? The decisions giving interpretation to the statute are not, we think, as clear on this question, as could be desired, though we can not say they are actually in conflict and incapable of reconciliation. The statute itself read in its own light, and by reference to its plain terms, seems to provide a rule of evidence only, for it says, that if the pleader has not complied with the requirements of the statute no proof of the handwriting shall be required, unless the fact be denied by an affidavit with the plea which puts it in issue. What in issue? Why, clearly the handwriting. It is said by this Court in *Tower* v. *Whip,* 53 W. Va. 160, referring to special plea number three, involved in that case: "Section 40, chapter 125, Code, only requires that where a pleading alleges that a person 'made' a writing, the affidavit shall deny the making. The affidavit is as broad and definite as the statute demands. This plea was not necessary, but is good in itself and operates also as an affidavit to accompany the plea of *nil debet,* which, at common law, puts the execution of the note in issue and the effect of that plea remains such yet, with the qualification that said affidavit must be filed with plea." In an action at law, where the issue is to be tried by a jury, the statute certainly does not dispense with the introduction in evidence of the writing

pleaded, entitling the pleader to judgment if the handwriting be not denied by affidavit. The writing described in the plea must be offered in evidence, but if the affidavit called for, denying the handwriting, has not been filed the statute dispenses with proof of the handwriting and no proof thereof need be introduced. Some of the authorities, however, which will be referred to, in interpreting this statute have gone farther and said that no proof need be furnished of the genuineness of the writing, and that it goes in evidence, to be given effect according to its terms, and that its genuineness can not be questioned. We do not decide this question. Going back to the decisions in Virginia we find *Kelly* v. *Paul,* 3 Grat. 191, and *Shepherd.* v. *Frys, Id.* 442, holding that the statute dispenses simply with the proof of the handwriting. Later we find *Archer* v. *Ward,* 9 Grat. 622, purporting to qualify *Shepherd* v. *Frys, supra,* to some extent at least, holding that without affidavit with the plea, according to the statute, a party will not be permitted to question the genuineness of the writing, or show that it was altered after being made by him. Judge Lee in this case, referring to *Shepherd* v. *Frys,* and to the judge who wrote the opinion in the case, says: "This opinion may possibly seem opposed to the views of the judge whose opinion is given in the case of *Shepherd, &c.* v. *Frys,* 3 Grat 442; and certainly whenever I might find myself differing from that learned and able jurist, I should be disposed to think I must be in error, and to review my . opinion with the utmost care and deliberation. After all the consideration, however, I have been enabled to bestow upon the subject, I have not been able to bring my mind to a different conclusion. And it is to be observed that in the case of *Shepherd, &c.* v. *Frys,* the question did not arise, because the declaration did not aver that the note in question was made or subscribed by the defendants. And the judge, in his opinion, says expressly, that the object of the act was to relieve the plaintiff from the necessity of proving at the trial the genuineness of the instrument on which the action is founded; and that it therefore precludes the defendant from controverting its genuineness unless denied by affidavit filed with the plea. And he also says that the defendant is called on to deny by affidavit or waive the denial of the genuineness of the instrument. And in the latter case the

effect of the act is to put the paper in proof before the jury for as much as it is worth upon its face. Now if the genuineness of an instrument depends, as it seems to me it must, not only upon its due execution by the party charged, but also upon its having remained unaltered (in any material particular at least), after its execution, the language of the judge would seem to be broad enough to require an affidavit for the purpose of raising an issue upon the latter point as well as upon the question of due execution." Still later, we find the Virginia court, in *James River Co.* v. *Littlejohn*, 18 Grat. 53, 76, holding that the statute furnishes a rule of evidence. Still later, in *Coles* v. *Hurt*, 75 Va. 380, 384, following *Simmons* v. *Simmons*, 33 Grat. 451, 458, holding that the effect of the statute simply relieved the pleader from proof of the handwriting. Later still in *Clason* v. *Parrish*, 93 Va. 24, the same court held, that the general issue *nil debet*, at common law, put in issue the execution of the note, and all transfers thereof, and that this rule would still prevail but for the statute; that the object of the statute was to dispense with the proof of handwriting. In the opinion in this case, referring to the statute, the court says: "The title of this section is: 'When proof of writing not required, unless denied by affidavit filed with plea.' The effect of the statute is to dispense with the proof of handwriting in actions on writings not under seal—nothing more." Citing *Phaup* v. *Stratton*, 9 Grat. 615, 619. In *Piedmont Bank* v. *Hatcher*, 94 Va. 229, a chancery suit, an affidavit denied the endorsement of a note, and the court said, the burden of proof was thereby thrown upon complainant. Thus treating the rule of the statute as one of evidence. Our own case of *Robinson* v. *Dix*, 18 W. Va. 528, in effect holds the statute to constitute a rule of evidence; and *Maxwell* v. *Burbridge*, 44 W. Va. 248, referring to this case, that the act should be so interpreted, although point two in the syllabus in that case, with its heading, might be susceptible of a different interpretation.

Our conclusion from all these decisions is that the statute does not, technically speaking, constitute a rule of pleading, but one of evidence; and that the general replication to the pleas in this case, notwithstanding the statute, must be treated as the plea putting the fact of the handwriting in issue, but that when the writing is offered in evidence, if the affidavit

denying it has not accompanied the plea, the statute dispenses with proof of the handwriting, and precludes any proof impugning the same.   Although some of the authorities seem to imply that if the affidavit be not filed, a party will be precluded from having the full benefit of a general replication, as at common law, the affidavit is not in a technical sense the plea which puts the fact of the handwriting in issue.   It is the general issue which does that.   We think the authorities as a whole sustain this view, and that the statute itself implies this, for it clearly implies, that the affidavit is to be filed with the plea which puts the handwriting in issue, the statute, without the affidavit filed, simply cutting off contest on the question of handwriting.

But counsel for defendant, on the authority of *Ridgeley* v. *West Fairmont,* 46 W. Va. 445, rely on the proposition that in an action *ex delicto,* accord and satisfaction is provable under the general issue, and that the special pleas were unnecessary. If this be a correct proposition, and it seems well established by authority, yet it does not follow that defendant was precluded from filing the special pleas, if it wished to do so, to get advantage on the trial of the possible omission of plaintiff to deny the handwriting by affidavit.   In this case plaintiff did fail to file such affidavit, and the parties went to trial upon the issues joined on general replication to the pleas, without affidavit, and tried the case.   The effect of this omission on the result of the trial, will be considered and disposed of later on.

A third point of error relating to the pleadings, assigned in the petition, is the rejection of the defendant's special plea number three.   But this point is apparently abandoned, as it has not been argued or presented in the briefs of counsel.   So we will treat it as abandoned, and give it no further consideration.

The other points of error relate to the giving and refusing of instructions to the jury; the action of the court in overruling defendant's motion to exclude plaintiff's evidence, and the overruling of its motion to set aside the verdict of the jury and grant defendant a new trial.

We will first consider plaintiff's instructions.   Plaintiff proposed eleven instructions, the defendant seventeen.   The court gave as proposed plaintiff's instructions numbers one, two, three,

four a, five, six, seven, and A, but rejected numbers four, eight and nine. Of those propounded by the defendant, the court gave as requested, numbers one, two, seven, ten and eleven, refused numbers four, six, eight, twelve and fifteen, but modified and gave as modified, numbers three, five, nine, thirteen, fourteen, sixteen and seventeen. We have carefully considered plaintiff's instructions, with reference to the objections of counsel thereto, which are not very clear or specific. While some of them are somewhat abstract, and not as well adapted to the concrete case presented by the evidence as they might be, yet we think they embody correct legal propositions, more or less. pertinent to the evidence, and we cannot say that they are so wholly irrelevant as to have prejudiced the defendant. All of them appear to have been actually or tacitly approved in prior decisions of this and other courts, or to be well fortified by legal authority, and it would be unprofitable to repeat here those which have been heretofore approved. Number one is substantially plaintiff's instruction number one in *Skidmore* v. *Railroad Co.,* 41 W. Va. 296, which was not in that case questioned, and does not appear to have been specifically passed upon, but we think it embodies a correct legal proposition. Number two is in substance plaintiff's instruction number six, approved in *Giebell* v. *The Collins Co.,* 54 W. Va. 518, 528. Number four a is in substance plaintiff's number six, approved in *Virginia & N. C. Wheel Co.* v. *Harris,* 103 Va. 708 (49 S. E. 991, 994). Number five is in substance court's instruction number three, approved in *Richland's Iron Co.* v. *Elkins,* 90 Va. 249, 258 (17 S. E. 893). Number six is in substance court's instruction number one, approved in the case last cited, at page 258. Number seven, which told the jury, if they found for the plaintiff, what elements they might consider in estimating the damages, is substantially the same instruction passed upon and approved as plaintiff's instruction number two in *Phillips* v. *Huntington,* 35 W. Va. 408; plaintiff's number five, in *Bowen* v. *Huntington, Id.* 698; plaintiff's number three, in *Snoddy* v. *Huntington,* 37 W. Va. 114; and plaintiff's number four in *Giebell* v. *The Collins Co., supra,* 525. Instructions number A, and number four a are particularly adapted to the concrete case presented by the evidence, and are fully supported by our case of *McKelvey* v. *C. & O. Ry. Co.,* 35 W. Va. 500,

and the federal Supreme Court decision of *Hough* v. *Railway Co.,* 100 U. S. 213, 225, cited therein. Both of these instructions assume what the evidence abundantly proves, that the plaintiff knew before he sustained his injuries of the dangerous and defective condition of the defendant's plant, complained of, and which he alleges was the cause of his injury; but number four a tells the jury that if they find from the evidence that the plaintiff "complained of the defective and dangerous condition of the machinery and appliances which he was operating, and that the defendant * * * promised to have the defects in said machinery remedied and the danger removed, but failed so to do within a reasonable time and in consequence thereof the injuries complained of were inflicted upon the plaintiff, then the defendant company is liable, and the jury should find for the plaintiff, unless the jury believe that the plaintiff failed to exercise reasonable care and caution in doing the work in which he was engaged, taking into consideration the plaintiff's experience, or unless the danger was so palpable, immediate and constant that no one but a reckless person would expose himself to it, even after receiving such promise or assurance." Number A tells the jury that if the plaintiff gave notice to the defendant of the defects in said machinery and appliances, and the defendant promised to remedy and correct the same, that "in that event plaintiff's subsequent use of such machinery and appliances in the well grounded belief that the same would be put in proper condition within a reasonable time * * * * does not necessarily or as a matter of law make him guilty of contributory negligence, and in such case it is a question for * * * the jury to say whether, in relying upon such promise and using said machinery, after plaintiff knew of its condition, he was in the exercise of due care under the circumstances, and the jury are instructed that in such case the burden of proof is upon the company to show contributory negligence on the part of the plaintiff." In *Virginia & N. C. Wheel Co.* v. *Harris, supra,* the point was made, with respect to plaintiff's instruction number six, that it did not, as does plaintiff's instruction number A in this case, state that the servant relied upon the master's promise to repair; but the court replied in that case, that the fact that the plaintiff relied upon the master's promise to repair is plainly to be implied from a fair and reasonable interpretation

of the instruction. "But", says that court, "if it were otherwise, the defendant could not have been prejudiced by the omission, since the allegation of the declaration and the uncontradicted testimony of the plaintiff is that he did rely upon the master's promise to repair." Citing for the proposition, *Richmond Railway Co.* v. *Garthright,* 92 Va. 627 (24 S. E. 267, 32 L. R. A. 220, 53 Am. St. Rep. 839). The declaration in this case alleges reliance upon the promise of the defendant; and the plaintiff in his evidence proves that he relied upon said promise; and although it is denied by the president of the defendant company that any such promise was made, there is no evidence that plaintiff did not rely on the promise which he swears was made to him by the defendant company.

We have yet to dispose of the objection to plaintiff's instruction number three, given. This instruction told the jury that it was the legal duty of the defendant, under the laws of this state, to place safe and secure guards over and around its dangerous machinery, if possible to do so, and if not, to place and post conspicuously in its establishment notices of such danger, and that if the jury should "find from the evidence that the defendant company knowingly violated its duty in this behalf, and that the said plaintiff, being in the exercise of reasonable care and without fault on his part, was injured by reason of the said violation of duty on the part of the defendant company", that they might take this fact into consideration upon the question whether or not the defendant was negligent. The objection of counsel to this instruction is that the statute referred to, sec. 442, ch. 15H, Code 1906, is criminal in nature, and has no application to civil actions. We held in *Norman* v. *Virginia-Pocahontas Coal Co.,* 68 W. Va. 405 (69 S. E. 857), construing sections 412 and 416 of the same chapter, respecting the employment in coal mines of boys under the age of fourteen years, and making the offender liable criminally, that the violation of such sections constitutes actionable negligence whenever that violation is the natural and approximate cause of the injury. It will be observed that this instruction did not tell the jury that the violation of the statute gave the plaintiff right of action, or that its violation was *per se* negligence, and conclusive of plaintiff's right of recovery, but that the violation of the statute might be considered by them on the question whether the de-

fendant was negligent, in effect that it was some evidence of negligence which they might consider. We think the case of *Norman* v. *Coal Co., supra,* and the principles it enunciates justifies such an instruction. We see no error in these instructions, justifying reversal of the judgment.

We will next consider the points of error presented on defendant's instructions. Instructions number four, eight, twelve and fifteen are substantially covered by the other instructions proposed by the defendant, and if otherwise proper they would not have been erroneously rejected. But they are peremptory instructions, and wholly ignore a controlling element in the case, covered by plaintiff's evidence and his instructions number four a, and number A, which have been considered, and these instructions were properly rejected on this account.

The point respecting the rejection of instruction number six seems to be abandoned, for it is not argued or considered in the brief of counsel. We think it sufficient to say in disposing of the points presented respecting defendant's modified instructions, that as proposed, they in the main embodied correct legal propositions in the abstract. Most of them appear to have been approved in prior decisions of this Court in cases to which they were applicable, and the soundness of these propositions does not seem to have been questioned by the court below. But being peremptory in their nature, they were inapplicable to the case at bar without the addition thereto by the court. This addition was that the jury should find for defendant as the instruction directed, "unless the jury believe from the evidence that plaintiff was induced to remain in the employment of said company by the promise of said general manager to correct such unsafe condition and that the failure to so correct such condition was the proximate cause of such plaintiff's injury." To have ignored, as these instructions proposed to do, the main facts on which the plaintiff relied, and covered by his instructions and by defendant's instructions as modified by the court, would have been reversible error, for, as this Court has said in several cases, "an instruction cannot take only a portion of the facts involved in a case under the evidence, and erect a hypothesis upon them only, disregarding others, and tell the jury, if that hypothesis be true, to find accordingly, because that hypothesis is not as broad as the scope of the evidence and the contention before the

jury." *Cobb* v. *Dunlevie,* 63 W. Va. 398, 407, citing *Thompson* v. *Douglass,* 35 W. Va. 344; *Woodell* v. *Improvement Co.,* 38 W. Va. 23; *McCreery* v. *Railroad Co.,* 43 W. Va. 110. We think, therefore, the court properly modified the defendant's instructions, and committed no error therein.

On another point of error, it is sufficient to say that defendant, after the adverse action of the court on its motion to exclude the plaintiff's evidence, proceeded to introduce its own evidence, and as many times decided by this Court, it thereby waived any error in the action of the court on said motion.

We have carefully considered the action of the court below on defendant's motion to set aside the verdict and award it a new trial. The evidence was conflicting, very conflicting, on the pivotal facts in the case, covered by plaintiff's instruction number four a, and number A, and the several modifications of the defendant's instructions just referred to. This evidence was entirely oral testimony of witnesses, and it is not within the province of this Court, upon such conflicting evidence to disturb the verdict of the jury, and the judgment of the court thereon.

We have yet to consider the effect in this Court of plaintiff's omission to file with his general replication, his affidavit denying the handwriting. As we have already said the parties went to trial, ignoring the requirements of the statute, and tried the case as if this affidavit had been filed. After plaintiff had introduced all his evidence and rested, defendant did move the court to exclude the evidence, but solely "on the ground that there is no proof of any damages", and "on the ground that the witness knew of the danger"; which motion the court overruled. This motion in no way reached the question of evidence on the pleas and the handwriting. After this action of the court on these motions defendant went on and introduced its evidence, and in connection with the testimony of its witness Dr. I. P. Eddy, Secretary, proved that he procured the contract from plaintiff and his wife. But objection being made by counsel for plaintiff to the introduction of the writing in evidence, in connection with the evidence of this witness, and to the reading thereof to the jury, without proof of the handwriting and the signature thereto, and without asserting and insisting on its right to introduce the same without such proof, it acquiesced in the objection, proceeded to prove by the witness the hand-

writing, the making of the contract, and thereupon was permitted to introduce the paper in evidence, and it was read to the jury. And the plaintiff, without objection, was afterwards permitted to call himself, his wife, and daughter, and prove by himself and them that plaintiff and his wife had not signed the writing, and that the signatures thereto were not genuine. The case thus made by the evidence was submitted to the jury. Can defendant in this Court, and after verdict, and on this state of the record, have advantage of plaintiff's omission to file the statutory affidavit? We think not. We think defendant waived its rights by not insisting on them at the proper time, and particularly in not objecting to plaintiff's evidence on the subject of the handwriting. We think this was a right which defendant might waive, on this principle, among others, that where parties proceed to take depositions as if there had been a replication put in, its omission will be immaterial. *Simmons* v. *Simmons,* 33 Grat. 451, 458. We have decided, moreover, in construing section 46, chapter 125, Code, requiring a counter affidavit, that if defendant's plea, not accompanied by such affidavit, be filed without objection, and the case proceeds to trial, the provisions of the statute requiring such affidavit will be treated as having been waived. *Williamson & Co.* v. *Nigh,* 58 W. Va. 629 (53 S. E. 124).

Having now responded to all points of error having merit, and which appear to be seriously presented for our consideration, and seeing no reversible error, in the judgment of the circuit court, it is our duty to affirm it, and we will so order.

*Affirmed.*