MISSOURI, KANSAS & TEXAS RAILWAY COMPANY v. D. W. PUCKETT.

No. 11,897. (64 Pac. 631.)

1. PERSONAL INJURY— *Waiver of Assumption of Risk of Defective Tools.* If a railway company furnishes its employee with tools so defective that they are dangerous, and such defects are obvious, such employee assumes the risk of using them; but if his employer knows such fact and instructs him to go ahead and use them, promising to send them in for repair, and the employee continues to use them under such promise, it is a waiver on the part of the company of the assumption of risk by the employee.

2. ——— *Care Required of Employee.* In the use of such tools the employee is not bound to use extra care. All that is required of him under such circumstances is that he use that reasonable care to protect himself against injury which ordinary men take of their own person when employed in a dangerous service of like kind.

Error from Neosho district court; L. STILLWELL, judge. Opinion filed April 6, 1901. *In banc.* Affirmed.

STATEMENT.

THIS action was brought by defendant in error against plaintiff in error in the district court of Neosho county to recover damages for personal injuries, alleged to have been sustained while in the employment of the plaintiff in error as a common laborer on the section, by reason of the negligence of the plaintiff in error.

He pleaded two causes of action. In the first he stated, in substance, that in July, 1898, while working for plaintiff in error under the direction of one Arthur McDonald, as section foreman, he was ordered by said foreman to assist his fellow workmen in unloading a hand-car from a flat-car, and, also, in loading a hand-car upon a flat-car; that plaintiff in error, by order of said section foreman, had caused to be erected a platform upon which he and his fellow workmen should stand while performing such work; that said platform was so carelessly and negligently constructed that, while defendant in error and his fellow workmen were thus loading said hand-car, the platform gave way, precipitating them to the ground with such force, together with the weight of the hand-car, that defendant in error was seriously injured by being ruptured in his right groin; that by reason thereof he was compelled to quit work and hire a physician, and was laid up for about two weeks, and damaged thereby in the sum of $1000.

In his second cause of action he stated, in substance, that in July, 1898, he took employment from plaintiff in error as a laborer on the section, under the direction of one Arthur McDonald as foreman, and that in the performance of his duties in keeping the track in repair they used a tool furnished by plaintiff in error, called a lifting-jack. This tool was used for the purpose of lifting the track, in order that defective ties might be removed and replaced with good ones or the track surfaced up and made level. This lifting-jack has a shaft with a foot at one end, which, when being operated, stands erect with the foot on the ground; around this shaft are clutches, knuckles or rings, and extending down is an iron hand, which is fastened under the rails; this tool

is operated with a lever and the clutches are intended to hold where they are placed, and by operating the lever the track is thus raised; the shaft of this lifting-jack, by reason of long use, had become worn and was so smooth that the clutches could not be made to hold, and would slip and drop the weight; and while the defendant was thus operating this lifting-jack, and on or about the 8th day of February, 1899, these clutches slipped, permitting the weight of the track to fall, the lever-bar catching him in the right groin and throwing him upon the track, thus inflicting a permanent injury and total disability ever to perform manual labor.

The cause was tried to a jury, and, after both parties had introduced their evidence, the court instructed the jury that the plaintiff below was not entitled to recover on his first cause of action. The jury found for the plaintiff below on his second cause of action, and assessed the amount of his recovery at $3000. A motion for a new trial was made and overruled and the plaintiff in error brings the case here.

*T. N. Sedgwick*, and *J. L. Denison*, for plaintiff in error.

*W. R. Cline*, and *C. A. Cox*, for defendant in error.

The opinion of the court was delivered by

GREENE, J.: It is argued by plaintiff in error that defendant in error cannot recover because he did not apprehend any danger to himself by the use of this jack. We think this contention is without merit. The defendant in error testified that he had frequently called the attention of the foreman to the defective condition of this jack and that they both had tried to remedy it; that the foreman had, on several occa-

sions, told him he would send it in and have it repaired or get a new one. The defendant in error testified that on one occasion he threw it away, or set it aside, and refused to work with it in its then dangerous condition; that the section foreman insisted upon his using it again, promising that he would immediately thereafter send it in and get a new jack, and it was upon this assurance that he was induced to. use it again. He also testified that he would have quit work sooner than have used this jack again, only for the promise made by the section foreman that he would send it in and have it repaired. He also testified that "when the clutches would slip it would give a fellow a tremendous jerk." Cotteral, another witness, and fellow workman of defendant in error, testified that when it would slip it would unjoint his neck, if he was not watching. The witness Smith, who worked on the section with defendant in error, testified : "When the jack would slip it would hurt a person and give him a hard jerk ; it would let a person down all of a sudden, and would generally hurt the back of my neck." The evidence also showed that there were several complaints of this jack, not because it would drop the weight of the track, but because when it would slip it would hurt the person operating it.

It is also contended by plaintiff in error that, if the defective jack was dangerous, it was obvious, and known to the plaintiff below as well as to the foreman, McDonald, and that, therefore, the defendant in error was bound to exercise extra care and caution to avoid injury. We think that all that the law requires under such circumstances is that a person use that reasonable care to protect himself against such injury which ordinarily prudent men take of their persons when em-

ployed in a dangerous service of like nature. The plaintiff below testified that when he was hurt he was using this jack as carefully as he could, and there is no evidence in the record to show that he was in any way negligent in the use of it. The section foreman testified that he was a good man with tools.

It is also claimed by plaintiff in error that the danger arising from this defective jack was so obvious that an ordinarily prudent man would not have used it; that defendant in error cannot recover, and that a promise to repair does not apply to simple appliances. This question has been determined by this court in the case of *S. K. Rly. Co. v. Croker*, 41 Kan. 747, 21 Pac. 785. In that case Croker was engaged in breaking rock for ballast, using for that purpose a hammer weighing about three and one-half pounds. The handle of this hammer was a green stick, cut from the brush adjoining the track, and was crooked. The defendant in error, Croker, had complained directly to the section foreman about the handle being defective, and the section foreman told him to work with this one as it was, and that he would get him a good handle in a few days. He struck a blow on a limestone rock with the hammer and a small particle of the stone struck him in the eye and destroyed his sight. The court said that the duty of the company was plainly understood to be to furnish reasonably safe tools for doing this kind of work ; that this hammer was defective ; that protest was made against its use and a promise given that a new handle would be forthcoming ; that this promise was accompanied by an order to go ahead and work with it. The court held : ''The railroad company did not exercise that degree of care required by law, in furnishing proper tools with which to do the work required of the sec-

Bank v. Atkinson.

tion men, and was guilty of negligence in requiring the use of defective hammers." This was certainly a more simple appliance than the lifting-jack used in this case by defendant in error. On the very day that Puckett was hurt he complained to the foreman about this tool, and the foreman told him to go ahead and repair that joint, and he would send it in for repair.

It is also contended that the evidence did not disclose that plaintiff's condition is the result of the second injury. This question was submitted upon sufficient evidence and proper instructions by the court to the jury, who passed upon it and decided against the plaintiff in error. It is, therefore, not a question for this court.

The plaintiff in error also complains that the court erred in refusing to give an instruction submitted by it. We have examined the instructions submitted, and refused by the court, and find that the substance of the instructions asked by the defendant below was correctly given by the court to the jury. We think they fairly stated the law of the case.

The judgment of the court below will be affirmed.