SIEGEL, COOPER & CO.

*v.*

FRANK TRCKA.

*Opinion filed December 20, 1905.*

1. MASTER AND SERVANT—*when master is liable though the negligence of fellow-servant contributes to injury.* The negligent act of one of two boys riding, in the discharge of their duties, in an elevator in the building where they were employed, in throwing the other down, causing his foot to project over the floor of the elevator, where it was crushed when the elevator passed the top of the entrance, does not excuse the master from liability if the accident would not have happened had the master not been negligent in permitting such a construction of the entrance.

2. SAME—*whether a minor employee assumed risk or used due care is a question of fact.* Whether an employee fourteen years old used due care in riding upon an elevator in the discharge of his duties or assumed the risk of a defective construction of one of the entrances to the shaft are questions of fact for the jury, there being no evidence that he knew of the defective construction or had been notified thereof and told how to avoid the danger.

3. EVIDENCE—*when expert testimony not admissible.* Whether placing the door of the entrance to an elevator shaft on the line of the wall furthest from the shaft, thus leaving a space of ten inches from the bottom to the top of the entrance between the door and a passing elevator, is as safe as though the door had been placed on the line of the wall next to the shaft, is a question which may be determined by the jury without the aid of expert testimony as to whether the construction adopted was proper.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

CHARLES E. PAIN, and FRANK M. COX, for appellant.

A. M. JOHNSON, CHARLES VESELEY, and BEACH & BEACH, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the First District affirming a judgment of the superior court of Cook county rendered in favor of appellee for the sum of $1500 for injuries received by appellee on October 25, 1901, while in the employ of appellant, and while he was, in the performance of his duties, riding upon an elevator in the building occupied by it.

The appellee, at the time of his injury, was fourteen years of age and had been in the employ of appellant about two months. The appellant conducted a department store in Chicago, occupying an eight-story building, in which elevators were maintained and operated for the use of the employees in ascending and descending to and from the various floors in the discharge of their duties. Appellee was engaged in the window-shade department on the seventh floor, and in the performance of his duties was required to use the elevators of the building. On the day in question and in the performance of his duties he got upon the elevator in question at the fourth floor to ascend to the seventh. The first count of the declaration charges that this elevator "was negligently and carelessly constructed and maintained, in that at the entrance on the fourth story of said building to the shaft through which said elevator ran, there was a doorway through the wall or partition, (said wall or partition being of the thickness of, to-wit, ten inches,) about seven feet in height and about five feet in width, and the door or doors at said en-

trance, leading to said elevator shaft, were negligently, care- lessly and without due regard to the safety of persons using said elevator placed on the side of said doorway most remote from the platform of the elevator car as it passed through the shaft in going from the fourth to the upper stories of the building. Said door or doors were thereby so separated from the elevator car that an open space of, to-wit, ten inches, intervened between the outer edge of the platform of the car and the adjoining floor, which open space, when the car arrived on a level with the floor of the fourth story, was of the height of, to-wit, seven feet, and the breadth of, to-wit, five feet, and depth of, to-wit, ten inches, the top of said doorway being closed by a solid wood or iron casing of the width of the doorway and the thickness of the wall or partition, by reason whereof a passenger on said elevator, without any fault on his part, might sustain great and serious injury,— all of which things the defendant knew or in the exercise of reasonable care might have known. On said day, after the plaintiff had executed the defendant's instructions, it became necessary and proper for him, in returning from the fourth story to the seventh story of the building, to take the elevator at the fourth story for the purpose of ascending to the seventh story. When the elevator, in ascending, arrived at the fourth floor the plaintiff entered it, and was received therein by the defendant's agent who was operating it, for the purpose of being transported to the seventh floor. While the elevator was ascending from the fourth floor, and before it reached the top of the said doorway, and while he was in the exercise of due care and caution for his own safety, another passenger, also an employee in said store, who was riding on said car, negligently, carelessly, wrongfully and wantonly seized the plaintiff, who was without fault or negligence, and pushed, pulled and threw him upon the floor of the car, causing his right foot and part of his right leg to extend over and beyond the platform of the car and to extend into the said open space. By reason of the negligent and careless

218—36

conduct of the defendant in operating and maintaining the elevator with the entrance and door so constructed, said right foot and part of the right leg struck against the upper casing of the doorway with great violence and were caught therein as the elevator was ascending from the fourth floor, and said right foot was crushed, and the flesh pulled and scraped from the right leg and foot, and the muscles and tendons thereof were lacerated, torn and injured, and he became sick, sore, lame and disordered," etc. Three additional counts were filed, each differing but slightly from the first, and the defendant pleaded the general issue.

Appellant complains that the court refused to direct a verdict in its behalf at the close of all the evidence. We have examined the evidence with care, and are satisfied that there is ample evidence in the record tending to show that appellant was guilty of negligence. It is conceded that appellee was but fourteen years of age and had worked in the store but about two months, and that his work had nothing to do with the elevator in question, except that he was, in the discharge of his duties, required, occasionally, to ride on it while being operated by the man regularly in charge thereof. In view of appellee's age and the rules of law governing the questions of contributory negligence and assumption of risk in case of minors, it was proper that these questions should be submitted to the jury for its determination. In support of appellant's contention with reference to this motion, many questions are argued and much space consumed, cases from this court upon the subject of assumed risk, fellow-servant and contributory negligence being printed in the brief *in extenso*. Such of these as seem to require notice or consideration will be briefly considered.

It is first contended that appellant is not liable in this action because the proximate cause of the injury was the negligent act of the boy who threw appellee upon the floor of the elevator. If, however, appellant was guilty of the negligence charged in the declaration and without which the

injury in question would not have occurred, then it would make no difference, as to its liability, that some act or agency of some other person or thing also contributed to bring about the result for which damages are claimed. Both or either of the contributing agencies were liable for the injury occasioned by their negligence, appellee being without fault and not held to have assumed the risk involved in the improper construction. In the case of *McGregor* v. *Reid, Murdoch & Co.* 178 Ill. 464, which also grew out of an elevator accident, we said (p. 470) : "Appellee insists that the pulling out of the cable ends from their fastenings was the proximate cause of the injury and that no recovery can be had for what is supposed to be the remote cause of the accident,—the defective condition of the safety device. But this position is clearly untenable. The two causes operated together, and neither, alone, would have caused the elevator to fall, and if the pulling out of the cables was attributed to an accident or to the negligence of a third person, and still the elevator would not have fallen without the negligence of appellee, appellee would be liable, for both causes, operating proximately at the same time, caused the injury." And in *St. Louis Bridge Co.* v. *Miller,* 138 Ill. 465, which grew out of an injury occasioned by the combination of negligence from two different sources, we also said (p. 476) : "In legal contemplation the case is one where the injury was inflicted by the co-operating negligence of the bridge company and the persons in charge of the mules, and the rule is well settled that a person contributing to a tort, whether his fellow-contributors are men, natural or other forces or things, is responsible for the whole, the same as though he had done all without help." And to the same effect is the case of *Village of Carterville* v. *Cook,* 129 Ill. 152, in which it is stated : "Where a party is injured by the concurring negligence of two different parties, each and both are liable, and they may be sued jointly or separately." This latter case appellant argues has no application to the case at bar, but in principle we see no difference, so far

as relates to that phase of the case with reference to liability for damage occasioned by two contributing causes. *Armour* v. *Golkowska,* 202 Ill. 144, is also in point.

Counsel for appellant, however, insist that the appellant could not foresee such a combination of circumstances as led to the injury in this case and therefore cannot be held to have been negligent, citing *Armour* v. *Golkowska, supra.* Whether this particular set of circumstances might have been foreseen or not, the fact of the accident proves the conditions to have been dangerous, and if the jury were of the opinion, as we think, under the evidence, they might well have been, that reasonable prudence and care would have required a different construction, then appellant is chargeable with negligence for permitting the conditions to exist as they were. The case above noted, cited by counsel for appellant, is directly adverse to their contention. In that case a barrel fell on appellee and injured her. She sued and obtained damages, and on appeal to the Appellate Court, and then to this court, the judgment of the lower court was sustained, and in that case the rule as announced in 21 American and English Encyclopedia of Law (2d ed. p. 509,) was quoted, as follows: "The question whether, from the act or omission complained of, the likelihood of injurious consequences should reasonably have been foreseen is also for the jury." And in discussing the facts of that case the court said (p. 147): "Whether an ordinarily thoughtful and prudent man would have foreseen that it was reasonably necessary to the safety of persons working on the floor beneath the edges of the platform that a railing or barrier of some sort should be placed upon the platform was not a question of law for the court, but of fact for the jury."

Counsel for appellant next insist that appellee assumed the risk involved in the particular construction of the elevator, and entrance thereto, by reason of his continued employment and the open, visible condition of the construction complained of. We do not agree that appellee is precluded

from recovery in this case by reason of the doctrine of assumed risk.    He was a child of but about fourteen years of age, and, under the conditions here presented, the rule to be applied and the doctrine universally followed in such cases is well stated in volume 7 of the American and English Encyclopedia of Law, (2d ed. p. 408,) as follows: "As the standard of care thus varies with the age, capacity and experience of the child, it is usually, if not always, where the child is not wholly irresponsible, a question of fact for the jury whether the child exercised the ordinary care and prudence of a child similarly situated; and if such care was exercised a recovery can be had for an injury-negligently inflicted, no matter how far the care used by the child falls short of the standard which the law erects for determining what is ordinary care in a person of full age and capacity." There is no question in this case but that appellee did exercise reasonable care, unless it be said that he should have comprehended the danger involved in the construction complained of and refused to subject himself to the risk occasioned by it. There is no evidence that his attention was ever specially directed to this, and the evidence shows he was expected and directed by his superiors to use the elevator in question in the regular line of his duties.    Obedience to those in authority, in a child of immature years, should be expected and commended; and that the appellee should not question the security of his surroundings with the same discriminating judgment as would a person of mature years and ripe experience is not to be wondered at, and is a circumstance which a jury might well consider in passing upon the question of assumed risk.

In speaking of the difference to be observed in the application of the rule of assumed risk as between minors and adults, this court, in *Chicago Anderson Pressed Brick Co. v. Reinneiger,* 140 Ill. 334, said (p. 338): "But the rule is modified in the case of young persons of inexperience and immature judgment, who are not capable of fully understanding and appreciating the perils to which they are ex-

posed. They are entitled to recover for injuries which result from such perils unless they have been instructed how to avoid them." And in discussing this subject in *Herdman-Harrison Milling Co.* v. *Spehr,* 145 Ill. 329, with reference to the general rule applicable to adults and its limitations when applied to minors, we said (p. 334) : "That this general rule does not apply to employees who from youth or want of the natural faculties are unable to appreciate the danger incident to the employment or which may result from the continued use of defective machinery or tools is equally well settled."

Under the circumstances shown in this case, whether appellee should have appreciated the danger to which he was subjected by reason of the construction complained of was a question of fact for the jury. The jury, in returning a verdict for appellee, under proper instructions, found that he did not appreciate this danger, and that finding has been concurred in by the Appellate Court, since it sustained the judgment of the lower court, consequently the question is not now open to our consideration.

It is next insisted by counsel for appellant that the trial court erred in not permitting certain expert witnesses, offered by appellant, to testify whether it was as safe to have the doorway in question on the outside as the inside of the entrance; and also in not permitting certain witnesses to express their opinions whether appellee would not have lost his foot if an iron grill-work and gate had been maintained, and to state whether the construction of the doorway was the usual and customary one as to such places. We do not think error was committed in the regard mentioned. This question of construction was not so intricate but that the jury could understand the situation, and it was their province to say whether appellant was at fault in maintaining the arrangement adopted by it. In *Beidler* v. *Branshaw,* 200 Ill. 425, it was expressly held that evidence as to the usual and cus-

tomary manner of the construction of elevators was not admissible in determining whether a defendant was negligent in maintaining an elevator shaft in a particular manner.

It is insisted by counsel for appellant that the trial court erred in refusing an instruction offered by appellant relative to the doctrine of fellow-servant. It was not error to refuse this instruction because the doctrine of fellow-servant was not involved. The charge against appellant was for negligence in maintaining an improper construction, and if the appellant was guilty in this regard the jury were justified in finding the issues for appellee. And even if a fellow-servant did contribute to the injury sustained by appellee, as we have already stated, if appellant contributed also to the injury by the maintenance of an improper construction and without which the injury would not have been occasioned, appellant would be liable. As said in *Armour* v. *Golkowska, supra:* "If an injury result from the negligence of the master combined with that of a fellow-servant, and the injury would not have happened had the master observed due care for the safety of the injured servant, the master is liable,"—citing *Pullman Palace Car Co.* v. *Laack,* 143 Ill. 242, and 12 Am. & Eng. Ency. of Law, (2d ed.) 905.

Other objections are urged by counsel for appellant, but we think it unnecessary to discuss them *seriatim,* for, as we understand them, they are all included in the objections already considered, and according to the views we have already expressed they must be held to be untenable.

We find no material errors to have been committed in the trial of this case, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*