## Louis Friedman, Plaintiff in Error, v. Pratt Food Company, Defendant in Error.

### Gen. No. 15,403.

Negligence—*when ordinances incompetent.* · Ordinances providing for the construction and maintenance of an elevator and shaft in a particular manner are not competent unless it be shown that the violation thereof proximately resulted in the injury complained of.

Action in case for personal injuries. Error to the Circuit Court of Cook county; the Hon. Lockwood Honore, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed May 5, 1911.

Blum & Blum, for plaintiff in error.

H. L. Howard, for defendant in error.

Mr. Justice Clark delivered the opinion of the court.

Louis Friedman, plaintiff in error, brought suit for injuries received on the roof of a building occupied by the defendant in error, the plaintiff in error at the time of the accident being sixteen years of age.

On the roof a cable was running over a wheel, the wheel and cable being connected with a freight elevator that was operated in the building. The plaintiff in error had been engaged during the time of his employment—a period of from two to two and a half years—in packing boxes and doing general work around the establishment. On the day of the accident he was sent to the roof with another employe of the defendant in error to shake dust out of some feed bags. He had been on the roof once before. He testified that the wheel was about thirty-six inches in diameter, and that there were beams' on either side, about twelve inches wide; that there was a board on top of it and tin over the wheel to protect the cable from rain. His

explanation of the manner in which the accident occurred is that while shaking the bags he got some of the dust in his eyes, and went backwards over to the wall of the skylight for the purpose of getting in the shade while he was wiping the dust out of his eyes, and that while he was removing one of the suspenders of his overalls his hand got between the cable and the wheel.

The court, on the motion of the defendant at the close of plaintiff's case directed the jury to find the defendant not guilty. This is alleged by the plaintiff in error to be cause for reversal, and the case of Siegel, Cooper & Co. v. Trcka, 218 Ill. 559, is cited to us as a controlling authority. That case, however, was of very different character. In that case an employe fourteen years of age was injured while in an elevator in the building of Siegel, Cooper & Co. The court found that there was evidence tending to sustain the contention that there was a defective construction of the entrance to the shaft of the elevator, and held that while the accident was due in part perhaps to the negligent act of another boy who was riding with Trcka, the accident would not have happened had the master not been negligent in permitting such a construction of the entrance.

Error is also alleged in the case before us because of the refusal of the trial judge to permit the introduction of certain ordinances of the city of Chicago with respect to the construction of elevators, being sections 35, 115, 200, 201 and 203, which were set forth in the plaintiff's declaration. The particular sections which plaintiff in error deems of importance are not mentioned in the brief, but it is stated that the ordinances require an elevator to be enclosed from the foundation to a height of six feet above the roof, and that the enclosure of the machinery on the roof should, on buildings over sixty feet in height, be made of incombustible material. Just what the failure on the part of the defendant in error to comply with these requirements

had to do with the accident is not stated. The trial court evidently regarded the accident as due to the negligence of the plaintiff in error, and not to any negligence on the part of the defendant in error.

Reference is made in the abstract to a plan which was referred to as having been prepared for the use of the plaintiff in error at the trial, and the bill of exceptions contains a statement that the plan is attached to the bill of exceptions as "Exhibit A." It was not, however, so attached. A photograph was also referred to in the examination of witnesses, which apparently was made by the defendant in error. While the court stated that both the plan and the photograph might be considered as in evidence, neither one of them is produced for our inspection.

The case as disclosed by the declaration and the proof is not founded on the idea of "attractive nuisances," although the argument of counsel for defendant in error would seem to indicate that in their opinion this principle is involved. The age of the boy and the period of his service were such that he would probably be held in any event responsible for the result of his own negligence. Careful review of the evidence has convinced us that the accident was not due to any negligence with which the defendant in error is chargeable, but rather to the carelessness of the plaintiff in error himself.

It follows, therefore, that the court properly instructed the jury to find the defendant not guilty. North Chicago St. Ry. Co. v. Cossar, 203 Ill. 608; Joliet Steel Co. v. Shields, 146 Ill. 603.

*Affirmed.*