## Elkhorn Mining Corporation v. Pitts.

(Decided March 5, 1918.)

## Appeal from Floyd Circuit Court.

1. Master and Servant—Safe Appliances—Electricity—Negligence—Question for Jury.—Plaintiff and other employees of the defendant were engaged in erecting poles and stringing a trolly wire. The live wire from the terminal pole was attached to one end of a strain insulator, while the dead wire which was to be attached to the next pole which had just been erected, was attached to the other end of the insulator. Plaintiff's foreman directed him to hold the insulator. While holding it, plaintiff's fellow servants jerked the wire causing plaintiff's hand to come in contact with the live wire. Plaintiff testified that he did not know that the wire was charged and that the company should either have furnished an insulator with guards to prevent his hand from slipping or should have released the current from the live wire. Held, that it could not be said as a matter of law that the company performed its whole duty in furnishing plaintiff the unguarded insulator, and that plaintiff's evidence was sufficient to make it a question for the jury whether the company exercised the utmost degree of care to furnish him reasonably safe appliances for work.

2. Master and Servant—Injury to Servant—Fellow Servant—Concurrent Negligence—Liability of Master.—Where a servant's injury is caused by the concurrent negligence of the master and a fellow servant, the master is liable.

3. Master and Servant—Fellow Servant—Concurrent Negligence—Liability of Master—Question for Jury.—In a servant's action for personal injuries, evidence examined and held to make a question for the jury whether the master's negligence was one of the concurring causes of plaintiff's injuries.

ALLIE W. YOUNG, ED. C. O'REAR and SMITH & COMBS for appellant.

A. J. MAY for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

This is a personal injury action in which plaintiff, Samuel Pitts, recovered of the defendant, Elkhorn Mining Corporation, a verdict and judgment for $500.00. The defendant appeals.

At the time of the accident, plaintiff was assisting the company's foreman and two other employees in extending a trolly wire. New poles and cross arms had been erected

and additional wire had been placed on the ground along the proposed extension. The mine was in operation and the old trolly wire on the line being extended was in. use and charged with 250 volts of electricity. That wire was tied in one end of a wooden insulator about a foot in length. This insulator was attached to a turnbuckle, a contrivance for tightening the wire, and the turnbuckle was attached to the last pole. The insulator was a piece of wood with an iron ring in each end and was used to break the current. When the additional wire was ready to be put up, Mosley, the foreman, loosened the turnbuckle from the end of the terminal pole and from the end of the insulator. He then attached the new wire to the end of the insulator and handed the insulator to plaintiff to hold until the other two employees could tie the wire to the next pole twenty-five feet away. Plaintiff says that the men jerked the wire and his hand slipped and came in contact with the live wire on the other end of the insulator. He did not know that the wire was charged and the foreman did not warn him of the danger. He further says that the insulator was not reasonably safe for the purpose for which it was being used because it had no guards on the end to prevent it from slipping through his hand. He also testified that in doing dangerous work like that in which he was engaged, the company should have cut off the current by using the switch at the sub-station or by providing additional switches at the terminal pole. According to the evidence for the defendant, plaintiff was not only informed that the current was on, but the fact that the motors were running and the fan nearby was in operation, plainly indicated that such was the case. It was also shown that the current could not be cut off at the sub-station without shutting down its mines.

It is the contention of the company that it was entitled to a peremptory instruction, not only on the ground that no negligence on its part was shown, but on the further ground that plaintiff pleaded and proved that his hand was caused to come in contact with the live wire by the jerk given by his fellow employees. It appears, that plaintiff alleged not only that the insulator was defective, but that the company was negligent in not releasing the voltage from the live wire. We are not prepared to say as a matter of law that the company performed its whole duty by furnishing the insulator which plaintiff was di-

rected to hold. In attaching and tightening the wire it was liable to be pulled or jerked, and if the insulator was not guarded, even a slight jerk might be sufficient to cause the hand of the person holding it to slip and come in contact with the live wire. In view therefore of the dangerous instrumentality which plaintiff was required to handle, we conclude that plaintiff's evidence to the effect that the insulator should have been protected by guards, or the current should have been released from the live wire was sufficient to make it a question for the jury whether the company used the utmost degree of care to provide plaintiff with safe appliances for work. This conclusion disposes of the further contention that a peremptory should have gone, because the accident was caused by the negligence of plaintiff's fellow servants. It is only where the injury is caused solely by the negligence of a fellow servant that the master is exempt from liability. If the injury be due to the concurrent negligence of the master and a fellow servant, the master is liable. Kentucky & I. Bridge Co. v. Sydnor, 119 Ky. 18, 82 S. W. 989, 68 L. R. A. 183; Bell-Knox Coal Company v. Gregory, 152 Ky. 415, 153 S. W. 465; A. Benster & Sons v. Bryant, 148 Ky. 634, 147 S. W. 402; Fluehart Collieries Co. v. Weeks, 160 Ky. 127, 169 S. W. 686; Siegel, Cooper & Company v. Frank Trcka, 218 Ill. 559, 75 N. E. 1053, 2 L. R. A. (N. S.) 647. Here the jerk given the wire by plaintiff's fellow servants would not have caused plaintiff's injuries if the insulator had been properly guarded or the current had been released from the live wire. If therefore it was a question for the jury whether the company was negligent, it was likewise a question for the jury whether the company's negligence was one of the concurring causes of plaintiff's injuries. Hamel v. Newmarket Mfg. Company, 73 N. H. 386, 62 Atl. 592.

While the instructions are complained of, we conclude that on the whole they fairly presented the law of the case.

Complaint is also made of the court's refusal to require plaintiff to give bond for costs on the ground of non-residence. In reply to this contention it is sufficient to say that we see no reason to disturb the court's finding that plaintiff was a resident of Kentucky.

Judgment affirmed.