No. 22,347.

J. S. Ernst, *Appellee*, v. The Chicago Great Western Railroad Company, *Appellant*.

Appeal from Wyandotte district court, division No. 1; Edward L. Fischer, judge. Opinion denying a rehearing filed January 10, 1920. (For original opinion of reversal, see 105 Kan. 706, 185 Pac. 1053.)

*A. L. Berger*, of Kansas City, and *Walter H. Jacobs*, of Chicago, Ill., for the appellant.

*J. K. Cubbison*, and *William G. Holt*, both of Kansas City, for the appellee.

The opinion of the court was delivered by

Dawson, J.: It is contended in the appellee's petition for a rehearing that the decision in the present case (*Ernst v. Railroad Co.*, 105 Kan. 706, 185 Pac. 1053) is at variance with *S. K. Rly. Co. v. Croker*, 41 Kan. 747, 21 Pac. 785, where a recovery was permitted on an injury to a workman's eye caused by a particle which flew from a stone which the workman had hit with a hammer, the handle of the hammer being a crooked green stick cut from the brush near by. But in the Croker case, the dangerous nature of the defective tool had been ascertained before the injury to Croker's eye occurred. He had already been slightly injured by the use of such a handle. Moreover, it does not appear that the precise question which controls the present case was urged or discussed in the Croker case. Here we have only to do with a defective tool, not one apparently or obviously dangerous, as well as one which was simple and common in the plaintiff's vocation. No hint of danger was given to or recognized by the master. The most that could be inferred from the plaintiff's statement, "This wrench is bad; this wrench is not very good; I've got to have one," was that the workman could not do good work with it nor work conveniently with it.

Again, it might be observed that the Croker case was itself an extreme one. It was so declared in *Morbach v. Mining Co.*,

53 Kan. 731, 746, 37 Pac. 122. It was cited in *Railway Co. v. Puckett,* 62 Kan. 770, 774, 64 Pac. 631, where it was hardly pertinent, and again in *Railway Co. v. Sledge,* 68 Kan. 321, 327, 74 Pac. 1111, in which it was said that the principle governing exemption of masters for injuries to workmen in the use of simple, common tools with which the workmen were familiar had not (at that time) been pushed very far in this state.

But in *Hill v. Railway Co.,* 81 Kan. 379, 105 Pac. 447, the matter was carefully considered, and the venerable jurist (Justice Benson) who had to write the court's opinion, but who did not personally agree with it, admitted in his dissenting opinion that the principles of law laid down in the syllabus were correct. The syllabus reads:

"1. In the absence of wanton or intentional wrongdoing an employer who furnishes defective instrumentalities is liable to an employee only when danger could reasonably be apprehended from their use.

"2. If persons of ordinary caution and prudence would not, in the light of the attendant circumstances, anticipate danger in using a defective appliance, and danger is not a natural and probable consequence of such use, liability to an employee for negligence in furnishing it does not arise against the employer."

The court cannot see that the Lannigan case, in 56 Kan. 109, 42 Pac. 343, where a brakeman was injured in the nighttime while coupling cars, has much relevancy. The railway company had given the brakeman a smoky, old lantern to use in his dangerous work. He complained of the lantern and was promised a good one, and directed to use the old one until the promised good one could be gotten. Requiring the employee to do dangerous work in a dangerous place without a proper safeguard—a good lantern—was the gist of the railway company's fault in that case.

The petition for a rehearing does not point out anything in the case which was overlooked by the court, and upon full consideration the court is satisfied with the principles of law laid down in the original opinion; consequently, a rehearing would merely be a disservice to both plaintiff and defendant.

Rehearing denied.