No. 27,789.

WILLIAM J. JOHNSON, *Appellant,* v. THE ST. JOSEPH & GRAND ISLAND RAILWAY COMPANY, *Appellee.*

(262 Pac. 494.)

SYLLABUS BY THE COURT.

MASTER AND SERVANT—*Liability for Injury to Servant—Defective Appliance—Contributory Negligence—Assumption of Risk—Evidence.* An action was brought by an employee to recover damages from a railway company alleged to have resulted from the use of a defective tool negligently furnished by the company. The defect was noticed by the employee, who called the attention of the foreman of the company to the defect and the foreman directed the employee to go ahead with the use of the tool and that he would have it repaired. The employee did continue its use for several hours before the injury was sustained. The court sustained a demurrer to plaintiff's evidence. As against claims that the negligence alleged was not shown, that the injury was due to the contributory negligence of plaintiff, and that plaintiff had assumed the risk, it is held that the evidence of plaintiff was sufficient to take the case to the jury.

Appeal from Doniphan district court; C. W. RYAN, judge. Opinion filed January 7, 1928. Reversed.

*Bennett R. Wheeler, S. M. Brewster, John L. Hunt,* all of Topeka, and *Arthur S. Brewster,* of Troy, for the appellant.

*R. A. Brown* and *R. L. Douglas,* both of St. Joseph, Mo., for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: William J. Johnson brought this action to recover damages from the St. Joseph & Grand Island Railway Company for injuries sustained by him through the alleged negligence

Master and Servant, 39 C. J. pp. 786 n. 39, 789 n. 53, 894 n. 48, 896 n. 53, 1012 n. 32, 1112 n. 48, 1129 n. 31; 40 L. R. A. 782; 27 L. R. A. n. s. 1052; 29 L. R. A. n. s. 598; 18 R. C. L. 676, 679, 684, 696.

of the railway company. He was an employee of the railway company as a track laborer, and at the time of his injury was engaged in taking out old and defective ties from the track for which new and sound ones were to be substituted. The old ties were removed by tie tongs, a scissors-like instrument which had blades on each side with two points on each blade, designed to be pressed into the sides of the tie, and hold it as it was pulled out. The points were intended to be sharp enough to fasten into and securely hold the tie during the pulling process. Plaintiff alleged that while he was using the tongs to pull ties, they being dull and defective, failed to hold the tie, and when he attempted to pull it out from under the rails the tongs slipped, causing the handles to strike him in the groin and causing him to fall from the embankment, which was over five feet high. The stroke, it was alleged, caused severe pains and a rupture, for which he asked damages. It is further alleged that the tongs were defective in that the points were not sharpened as they should have been and did not hold, that defendant knew of the defective condition, but that plaintiff was not aware of it.

The defendant answered, admitting that plaintiff had suffered some injury on the occasion mentioned, but denied all other of the allegations in the petition. It pleaded that the company was engaged in interstate commerce, that plaintiff knew and appreciated the danger incident to the work he was doing, that it was one of the ordinary risks of such work, and further that the day after the injury the plaintiff settled with defendant and released all claims for the injury upon the payment of one dollar. Contributory negligence was pleaded in that the defendant had failed to stand and brace himself in a position to protect against the injury and fall in the event that the tongs he was using should slip from the tie. Plaintiff replied by a general denial and pleaded that the settlement was obtained by fraud and mutual mistake on the part of the defendant and its agent, as well as himself, and besides that it was never intended as a release of the claim for the injury actually sustained.

Testimony was introduced in behalf of the plaintiff and at the end of his testimony the defendant presented a demurrer to his evidence on the ground that it failed to establish a cause of action, and further that it shows the employment in interstate commerce and the conscious assumption of the risk that resulted in his injury. The demurrer was sustained and plaintiff appeals.

The testimony of the plaintiff was to the effect that he had not used the tie tongs until the day on which the accident occurred. That in working with them he found that they would not hold, and spoke to the foreman, telling him that they were too dull and would not hold. The foreman directed him to go ahead and use the tongs, that he would have them fixed, that he worked throughout the forenoon, during which time they slipped several times, and then in the afternoon when pulling a tie the tongs slipped, striking him in the groin, and he fell from the embankment and was injured substantially as he had alleged. He saw the tongs the next day after the accident and found that they had been sharpened, as the foreman had promised. He went to the doctor on the day of the accident, who made an examination and told him it was nothing more than a bruise and soon would be all right, that he could go back to work, but later as the pain continued he consulted a doctor again, who told him that he had been ruptured. When asked how many times the tongs had slipped while he was working with them, he answered six or seven times, I guess. When asked about signing the release, he admitted that he did so and received one dollar two days after the accident, and at a time when he did not know of the rupture or the extent of the injury. The doctor who advised him that it was a bruise only was the doctor of the company, who admitted that he did not think that he had been hurt much, and thought that it was nothing more than a slight bruise.

We think the testimony presented was sufficient to make a *prima facie* case and take it to the jury. On this appeal no reliance is placed on the so-called release, and apparently defendant recognizes that it is not available as a defense as it is not even mentioned in its brief. It does insist, however, that there is an absence of evidence to show that the negligence complained of caused the accident. The negligence, it is argued, was based on the defect of the tongs, in that the points were not sharp, but were so dull that when applied to a tie they would not fasten into and securely hold the tie when force was exerted to pull it out. The evidence showed that when plaintiff applied force to pull out the tie the tongs slipped and the injury was sustained. It is said that the plaintiff did not know what kind of a tie it was on which he was pulling. On cross-examination he was asked:

"Q. You were not able to tell the jury whether the tongs slipped along the

surface of the tie without catching at all or whether they racked into some soft wood on the side of the tie and pulled on through it?  A. I am not able. "Q. You cannot tell then which way it happened, can you?  A. No, sir."

The contention is that in failing to show whether the tie was solid or soft he had failed to show the cause of the accident or right of recovery.  The softness of the wood was not an issue in the case. Indeed it was admitted that the ties were partly decayed.  Plaintiff did show that the tongs were furnished to pull the old ties, whether the wood was hard or soft.  Presumably they were designed for the purpose of pulling such ties as were to be taken out and would have been sufficient for that purpose if they had been kept in proper condition.  They may have pulled through the wood because the tongs were dull and would, if in good condition, have penetrated the tie and held it securely when plaintiff applied force in the pulling of it.  Plaintiff had been employed to take out old, split, partly decayed ties.  He was given a tool designed to be suitable and sufficient for the purpose.  It was while using the defective tongs and pulling on partly rotten ties that they slipped and caused the injury.  How can it be said that tongs in good condition would not have held the tie and avoided the injury?  The bare statement that plaintiff did not know how much soft wood there was in the tie did not neutralize the other evidence given by plaintiff and the inferences derivable therefrom.  The tongs did slip when they were designed to securely hold, and it is fairly inferable from all the testimony that they slipped because of their defective condition. The cause of an injury is not always capable of direct proof.  It may be proved from circumstances produced in evidence, and probative facts being shown by plaintiff it became a question of fact for the jury to determine from the evidence.  It is not necessary to cite authorities that upon a demurrer to plaintiff's evidence the court must view it in the light most favorable to plaintiff and indulge all reasonable inferences in his favor.  There was sufficient evidence as to the cause of the injury to require the submission of the case to the jury.

The defense of contributory negligence is based upon an allegation that plaintiff failed to take a proper position and to brace himself for his own protection in the event that the tongs slipped from the tie.  The plaintiff testified that he did exercise care in this respect in that he took a position, which he illustrated to the jury,

bracing himself to avoid injury in case the tongs slipped. His testimony met the objection of the defendant. It was also alleged that he was negligent, and further that he assumed the risk because of using the tongs after they had slipped several times. This was not alleged as a ground of contributory negligence, and besides it was shown that when he called attention of the foreman to the defect in the tongs that employee directed him to go ahead and use the tongs, and that he would have them fixed. The direction and promise to repair is to be regarded as an agreement on the part of the master that until the promise is complied with or until a reasonable time thereafter the master will assume the extra hazard, and that the servant has still a reasonable time after the default of the master before he is required to assume the risk. (*Railway Co. v. Puckett*, 62 Kan. 770, 64 Pac. 631; *Anders v. Railway Co.*, 91 Kan. 378, 137 Pac. 966.) This doctrine is recognized by the defendant as in its brief it says:

"Under the authorities cited by appellant, if the dullness of the tongs caused the injury, he would not, as an abstract proposition, be barred of recovery because of assumption of risk, if he was induced to continue to use them by promise of repair, and was justified in believing he would use them with reasonable safety in the meantime."

The defendant argues, however, that the rule does not apply in this case because the plaintiff continued to use the tongs for a considerable time after learning that they would slip. The time, as we have seen, which was only a few hours after the promise to repair was made, cannot be regarded as an unreasonable time. The demurrer to the evidence should have been overruled, and for the error in sustaining it the judgment will be reversed and the cause remanded for a new trial.

It is so ordered.